UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-mj-307 |
| | : |
| JEFFREY MCKELLOP, | : |
| | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REVOCATION OR REVIEW OF PRETRIAL DETENTION ORDER**

The defendant, Jeffrey McKellop, weaponized his extensive military training and experience to attack the U.S. Capitol and facilitate its breach during Constitutional proceedings on January 6, 2021. More specifically, after donning a gas mask to protect himself from riot-control spray, the defendant repeatedly assaulted sworn officers defending the Capitol, including by stabbing an officer in the face with a flagpole, resulting in injuries still visible months later. Following a detention hearing, Magistrate Judge Faruqui determined that no condition or combination of conditions would protect the community or any member thereof from the defendant's dangerousness. His decision was careful and correct, and no cause to disturb it exists. Accordingly, the government respectfully requests the defendant's Motion for Revocation or Review of Pretrial Detention Order be denied.

**REVELANT BACKGROUND**

The government hereby incorporates by reference its Memorandum in Support of Pre-Trial Detention, docketed at ECF No. 16, and the four video exhibits presented at the detention hearing

1

before Magistrate Judge Faruqui. For the defendant's conduct on January 6, 2021, he is currently charged by Complaint with: (1) Assaulting an Officer of the United States with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b); (2) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (3) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority with a Deadly or Dangerous Weapon, with a Deadly or Dangerous Weapon in violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A); (4) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2), (b)(1)(A); (5) Engaging in Physical Violence in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4), (b)(1)(A); and, (6) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F). He was arrested on March 17, 2021. At his March 18, 2021, initial appearance, the United States requested detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A) and (E), on the ground that the defendant had been charged with both a crime of violence and a felony involving a dangerous weapon. Magistrate Judge Faruqui set a detention hearing for March 22, 2021, and it continued until March 23, 2021. After reviewing the government's memorandum in support and attached video exhibits, the defendant's memorandum in opposition, and hearing arguments, Magistrate Judge Faruqui determined that no condition or combination of conditions would protect the community from the defendant's dangerousness.

## ARGUMENT

The government hereby incorporates by reference its arguments as detailed in its Memorandum in Aid of Pre-Trial Detention, ECF No. 16, and will not repeat them in every particular here, but will briefly review the four factors under § 3142(g) that the Court considers

and weighs in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

With respect to the nature and circumstances of the offenses charged, the government emphasizes they are violent assaults on multiple law enforcement officers, including using a dangerous weapon and inflicting bodily injury. The defendant came prepared for this violence, wearing tactical gear and gas mask to aid his activities, which occurred during Constitutional proceedings of national significance. As to the weight of the evidence, the defendant's offenses are captured on video, as seen in Exhibits 1 through 4. With respect to the defendant's history and characteristics, they include most notably that he used past training and experience to anticipate, plan for, and execute violent acts against law enforcement. Finally, the nature and seriousness of the danger posed by his release is demonstrated by his repeated violent assaults on law enforcement officers, evincing his capacity and willingness to do harm to others and utter disregard and disrespect for the law.

Two points deserve special emphasis. First, the defendant is a highly trained military veteran and his actions at the Capitol appear strategic, that strategy being to disable and disarm as many officers as possible to facilitate the breach of the U.S. Capitol by others. He came prepared for this task, bringing with him a gas mask that effectively immunized him against the riot-control spray used by officers defending the Capitol. Second, as Magistrate Judge Faruqui noted in his ruling, this defendant's actions are among the most egregious yet identified. The defendant's violent acts were committed unflinchingly and with marked disrespect for the law. After stabbing

an officer with a flagpole, the defendant threw it like a spear as the officer retreated. After assaulting a line of officers, including attempting to grab the riot-control spray out of the hands of one officer, he offered them a universal symbol of disrespect—the middle finger (Figure A).



*Figure A (Still Image from Government's Exhibit 2)*

This Court's decision in *United States v. Chrestman*, referenced by Magistrate Judge Faruqui in his ruling, applies forcefully here. In that case, the Court detained a defendant due to dangerousness, noting:

> Grave concerns are implicated if a defendant actively threatened or confronted federal officials or law enforcement, or otherwise promoted or celebrated efforts to disrupt the certification of the electoral vote count during the riot, thereby encouraging others to engage in such conduct. These factors measure the extent of a defendant's disregard for the institutions of government and the rule of law,

4

> qualities that bear on both the seriousness of the offense conduct and the ultimate inquiry of whether a defendant will comply with conditions of release meant to ensure the safety of the community.

*United States v. Chrestman*, 21-mj-218 (BAH), ECF No. 23, at *13, 16 (D.D.C. Feb. 26, 2021).

This defendant's disregard for the law involved weaponizing the training and experience he received while under oath to protect the Constitution, and using it to attack, violently, sworn officers defending its legitimate processes. Under *Chrestman*, he must be detained pending trial due to his dangerousness. The government further submits that, now that the defendant is aware of the gravity of the charges against him and the scope of the government's evidence, the likelihood that he would apply his training and experience to flee prosecution has increased.

## **CONCLUSION**

The government has been working as quickly and diligently as possible to apprehend the hundreds of perpetrators of the January 6, 2021, assault on the U.S. Capitol, as well as to provide to the Court accurate and complete information to aid in determining whether pre-trial detention is necessary. The information the government has provided here plainly shows that, with respect to this defendant, it is.

WHEREFORE, the United States respectfully requests that the Court deny the defendant's Motion for Revocation or Review of Pre-Trial Detention Order.

                                                Respectfully submitted,

                                                CHANNING D. PHILLIPS
                                                Acting United States Attorney
                                                D.C. Bar No. 415793

                                                By: */s/ Mary L. Dohrmann*

MARY L. DOHRMANN
Assistant United States Attorney
N.Y. Bar Number 5443874
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7035
Mary.Dohrmann@usdoj.gov

By: */s/ Daniel Honold*
DANIEL HONOLD
Assistant United States Attorney
N.Y. Bar Number 5406715
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-6898
Daniel.Honold@usdoj.gov