IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| v. | ) | Crim. No. 21cr268-CJN |
| JEFFREY MCKELLOP, Defendant. | ) | |

## MOTION TO TRANSFER VENUE AND
## MEMORANDUM OF LAW IN SUPPORT

COMES NOW, the defendant, Jeffrey McKellop, by counsel, and respectfully moves the Court, pursuant to Federal Rule of Criminal Procedure 21, for a transfer of venue so that he may be tried by an impartial jury as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

### I.   BACKGROUND

The case arises out of the events at the United States Capitol on January 6, 2021.

Specifically, Mr. McKellop is charged in a superseding indictment with assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C § 111(a)(1) (Counts 1, 2, 3, and 4); assaulting, resisting, or impeding certain officers using a dangerous weapon, inflicting bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b) (Counts 5 and 6); civil disorder, in violation of 18 U.S.C. § 231(a)(3) (Count 7); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Count 8); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Count 9); engaging in physical violence in a restricted building or grounds with a deadly or dangerous

weapon, in violation of 18 U.S.C. §§ 1752(a)(4) and (b)(1)(A) (Count 10); disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count 11); and act of physical violence in the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(F) (Count 12).  (Doc. 43, Superseding Indictment).

## II.  ARGUMENT

The Fifth and Sixth Amendment of the United States Constitution entitle criminal defendants to a fair trial by an impartial jury.  *See In re Murchison*, 349 U.S. 133, 136 (1955). Accordingly, Federal Rule of Criminal Procedure 21(a) instructs that district courts "must transfer the proceeding . . . if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."

When examining a Rule 21 motion to transfer venue, a court should consider (1) the size and characteristics of the community; (2) the nature and extent of pretrial publicity; (3) the proximity between the publicity and the trial; and (4) evidence of juror partiality.  *Skilling v. U.S.*, 561 U.S. 358, 378-81 (2010).  A review of these factors makes apparent that the Court should transfer Mr. McKellop's case, preferably to the Western District of Virginia.

### 1.  Size and Characteristics of the Community

The size and characteristics of Washington DC clearly weigh in favor of transferring venue.  Washington, D.C. is a relatively small community, with a population of about 700,000.[1] Approximately 93% of voters in Washington voted against Donald Trump, rendering it the least diverse political population in the country.[2]  The antipathy towards Donald Trump and his supporters in the District is obvious.

---

[1] *See US Census, Quick Facts - District of Columbia,* https://www.census.gov/quickfacts/DC (last visited March 28, 2022)

[2] *See Election results: The 2020 presidential race,* Politico.com (2021); https://www.politico.com/2020-election/results/president (last visited March 28, 2022).

Since Donald Trump was elected President in 2016, large numbers of District of Columbia residents have engaged in protests targeting Trump personally, his properties or his supporters. On President Trump's Inauguration, anti-Trump protestors destroyed businesses, cars, and other property.[3] The District's community antipathy towards President Trump continued throughout his presidency. Indeed, hardly a week went by during Trump's presidency without an anti-Trump protest at the White House, the Capitol, the Trump Hotel, local universities, or another District locale.

The potential jury pool in the District of Columbia is prejudiced against supporters of Donald Trump generally and the January 6th protestors specifically is a given.

**2. Nature and Extent of Pretrial Publicity**

The nature and extent of pretrial publicity related to the events of January 6th weigh in favor of transferring venue. District residents have been bombarded with wall-to-wall coverage of the January 6th events, related arrests, criminal charges and, more recently, prosecutorial outcomes. The National Guard was deployed to Washington, D.C. for more than four months after the incident.[4] The Mayor of D.C. declared a state of emergency and implemented a 6 p.m. curfew for weeks.[5] The District implemented significant closures of roads and public spaces in advance of President Biden's inauguration in direct response to the violence at the Capitol on

---

[3] *Violence flares in Washington during Trump inauguration,* Reuters, https://www.reuters.com/article/us-usa-trump-inauguration-protests-idUSKBN1540J7 (last visited March 28, 2022).

[4] *See National Guard troops leave US Capitol more than 4 months after January 6th riot,* FOX5 Washington DC, https://www.fox5dc.com/news/national-guard-troops-leave-us-capitol-morethan-4-months-after-january-6th-riot (last visited March 28, 2022).

[5] Press Release, Mayor Muriel Bowser, January 6, 2021, https://mayor.dc.gov/release/mayorbowser-issues-mayor's-order-extending-today's-public-emergency-15-days-a1 (last visited March 28, 2022).

January 6th.[6] The Department of Homeland Security declared that government offices were potential targets of violent domestic extremists who were emboldened by the "recent mob assault" on the Capitol.[7] Every potential juror in the District was impacted by the events on Capitol Hill on January 6th.

Local Washington, D.C. news was filled with coverage of the January 6th events and resulting aftermath, replete with references to "insurrectionists," "white supremacists," and even suggestions of a "race war."[8] Speaker Pelosi went so far as to declare that Donald Trump was an accessory to murder.[9]

Considering the local media's focus on the events of January 6th, dramatically augmenting the national media coverage of political statements made about the Capitol defendants, there is little doubt that the District of Columbia is a hostile jurisdiction for the trial of Mr. McKellop.

---

[6] *DC Inauguration Updates: 4 Bridges Between DC, Virginia Closing; National Mall Closed*; NBC4 Washington, https://www.nbcwashington.com/news/local/dc-inauguration-updates-fridayclosures-threats-national-mall/2542719/ (last visited March 28, 2022).

[7] *DHS Warns of Heightened Threats from Violent Domestic Extremists,* NPR, https://www.npr.org/2021/01/28/961470061/dhs-warns-of-heightened-threats-from-violent domestic-extremists (last visited March 28, 2022).

[8] *Analysis: A race war evident long before the Capitol siege,* WTOP, https://wtop.com/national/2021/02/analysis-a-race-war-evident-long-before-the-capitol-siege-2/ (last visited March 28, 2022); *Dozens charged in Capitol Riots Spewed Extremist Rhetoric*, NBC4 Washington (2021), https://www.nbcwashington.com/news/national-international/dozenscharged-in-capitol-riots-spewed-extremist-rhetoric/2575102/ (last visited March 28, 2022); *Trump Legacy on Race Shadowed by Divisive Rhetoric, Actions,* NBC4 Washington (2021), https://www.nbcwashington.com/news/politics/trump-legacy-on-race-shadowed-by-divisiverhetoric-actions/2536591 (last visited March 28, 2022).

[9] *Nancy Pelosi on the Capitol Hill insurrection: Trump was an accessory to the crime of murder*, MSNBC.com (2021), https://www.msnbc.com/msnbc/watch/nancy-pelosi-on-thecapitol-hill-insurrection-trump-was-an-accessory-to-the-crime-of-murder-99705925960 (last visited March 28, 2022).

### 3. The Proximity of Publicity to Trial

The proximity of the publicity to District residents to Mr. McKellop's anticipated trial date weigh in favor of transferring venue. The events of January 6th continue to be reported daily in the news. The one-year anniversary of the event, as well as recent sentencings of high-profile January 6th defendants, have kept the matter in the forefront of local discourse.[10] Indeed, there are almost daily stories about the congressional investigation into the events of January 6th, revealing new details and the failure of many people who have been subpoenaed by the congressional committee to cooperate.

### 4. Evidence of Juror Partiality

Democratic political leaders, including the President, control the political narrative and are sending a message to all prospective jurors that defendants like Mr. McKellop are "insurrectionists" and "white supremacists." Democratic political leaders are signaling that anything but a guilty verdict would be unacceptable. Given that approximately 95% of the voters in D.C. voted against Donald Trump, it is hard to imagine how D.C.'s jury pool in particular could be anything but partial. However, the facts of this case require the jury to be entirely unbiased, during a time of exceptional political divide in this country.

### Alternate Venue

Given all of the foregoing, Mr. McKellop cannot obtain a trial by an impartial jury in the District of Columbia. Mr. McKellop submits that the Western District of Virginia would be an appropriate alternate venue. Mr. McKellop is a resident of the Western District of Virginia.

---

[10] *QAnon Shaman Jacob Chansley gets 41 months in prison for role in Jan. 6 riot,* NBC4 Washington (2021), https://www.nbcwashington.com/news/national-international/qanonshaman-jacob-chansley-gets-41-months-in-prison-for-role-in-jan-6-riot/2885734/ (last visited March 28, 2022).

Further, western Virginia and Washington, D.C. are close by, and can easily be traversed, thus the forum is not overly inconvenient for government counsel or witnesses.

While pretrial publicity of the Capitol incident was also prevalent in the Western District of Virginia, it did not compare to the level of politicized publicity experienced in Washington, D.C., nor was the community prejudiced by street closures, a curfew, or National Guard presence. By contrast, residents of western Virginia have not been warned that domestic terrorists are threatening their hometown, nor is the area overrun by D.C. politics. The parties are significantly more likely to find an unbiased jury panel in a community in western Virginia where the media exposure has been more limited.

### III.   CONCLUSION

Based on the foregoing, Mr. McKellop has demonstrated that he faces significant prejudice in the District of Columbia, prohibitive of a fair and impartial jury as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. Accordingly, Mr. McKellop requests that this Honorable Court transfer this matter to the United States District Court for the Western District of Virginia, pursuant to Fed. R. Crim. P. 21(a).

Respectfully submitted,

JEFFREY MCKELLOP

By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for Jeffrey McKellop

<u>Certificate of Electronic Service</u>

I hereby certify that on March 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

_____/s/_____

John C. Kiyonaga