**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-268 (CJN)** |
| | : | |
| **JEFFREY MCKELLOP,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

Defendant Jeffrey McKellop previously served in the United States Army, including time spent in the United States Army Special Forces.   The government anticipates that at trial, the defendant will attempt to introduce accolades, awards, medals, commendations, certificates, letters, performance reviews, and other records from his military service.   Indeed, the defendant has already submitted such records to the Court in connection with his Motion for Revocation or Review of Pretrial Detention Order, ECF No. 17, and Motion to Revoke Detention Order and for Pretrial Release, ECF No. 36.   The Court should preclude the defendant from offering evidence of specific instances of his prior good conduct, including those derived from his career in the military, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).[1]

## I.    The Defendant's Participation in the January 6, 2021, Riot and the Pending Charges.

On January 6, 2021, the defendant, wearing tactical gear including a helmet, gas mask, and

---

[1] The Government intends to introduce evidence of the defendant's prior military background, including training and skills, as such evidence is relevant to his criminal conduct on January 6, 2021.   This Motion *in Limine* seeks to limit only improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

gloves, made a barrage of attacks on law enforcement officers who were attempting to keep the mob of rioters away from the United States Capitol, where constitutional proceedings were underway.   More specifically, the defendant, unprovoked, charged at a line of officers and assaulted Sergeant K.M.   During this attack, the defendant then attempted to swat pepper spray out of a Lieutenant's hand.   The defendant walked backwards, away from the officers, towards the crowd.   The defendant then picked up a bottle and threw it at the officer.   Moments later, the defendant, along with another rioter, lunged at Sergeant K.K. and struck Sergeant K.K.   Seconds later, the defendant then grabbed Officer H.L. and shoved her to the side.   Captain D.A. was alerted of the defendant's assaultive behavior and directed his pepper spray at the defendant.   In response, the defendant picked up a flagpole from the ground and stabbed Captain D.A. in the face.   After Captain D.A. turned away from the defendant, the defendant then hurled the flagpole at Captain D.A.   Next, while en route back to the crowd, the defendant grabbed Officer H.F. from behind as he struggled to maintain the police line against the efforts of other rioters.

For this conduct, the defendant has been charged with two counts of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 111(a)(1) and (b) and four counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1).   The defendant has also been charged with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining on Restricted Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A); Disorderly and Disruptive Conduct on Restricted Grounds with a Deadly and Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence on Restricted Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct Within the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and Act of

Physical Violence within the Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

## II.     The Limited Admissibility of Character Evidence.

Rule 404(a) of the Federal Rules of Evidence prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion.   The rule applies to prior good acts as well as prior bad acts of the defendant.   As the Sixth Circuit has explained, "For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."   *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).   In other words, "evidence of good conduct is not admissible to negate criminal intent."   *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (internal citation omitted).

The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character.   Fed. R. Evid. 404(a)(2)(A).   Such evidence is admissible only if it relates to a "pertinent" or relevant character trait.   *Id.*   Consistent with Rule 405, "[w]hen evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion."   Fed. R. Evid. 405(a). An exception exists "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense," in which case "the character or trait may also be proved by relevant specific instances of the person's conduct."   Fed. R. Evid. 405(b).   However, this exception does not apply in this case, as no charges against McKellop include such an element.

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all references by parties, attorneys, and witnesses to the inadmissible evidence.   *Luce v. United States*, 469 U.S. 38 (1984).

**III.    The Court Should Preclude the Introduction of Character Evidence Relating to the Defendant's Former Military Service.**

This Court should exclude evidence of the defendant's former military service if offered by the defendant to prove his general good character, including such traits as attention to duty, commitment to public service, bravery, professionalism, or dedication.  Such evidence is not admissible because it is not pertinent to an essential element of the charges pending against him. *See, e.g.*, *United States v. Washington*, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (holding that a police officer's commendations were not admissible because the defendant's dedication, aggressiveness and assertiveness in investigating drug dealing and carjacking was neither pertinent to, nor an essential element of, bribery, conspiracy, or drug and firearms charges with which he was charged); *United States v. Irving*, No. 07-107 (PLF), 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of the defendant's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the defendant's professional competence and integrity); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (affirming the district court's refusal to admit evidence of the defendant's awards and commendations from his military service and police service because "the traits they purport to show—bravery, attention to duty, perhaps community spirit—were hardly 'pertinent' to the crimes of which [the defendant] stood accused" and because "the evidence, as presented below, seems to us classic hearsay, and inadmissible for that reason as well").

While the general character trait of law-abidingness is pertinent to almost all criminal offenses, *see In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003), the form of such character evidence is governed by Rule 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion."  Fed. R. Evid. 405(a).  As discussed above, it does not include evidence regarding specific instances of prior conduct.

Accordingly, this Court should preclude the defendant from offering character evidence in the form of specific acts, including that relating to his prior career the military.


Dated: March 28, 2022

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

By:   */s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
N.Y. Bar Number 5443874
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-7035
Mary.Dohrmann@usdoj.gov

/s/ *Maria Y. Fedor*
MARIA Y. FEDOR
Attorney, detailed to the
United States Attorney's Office for the
District of Columbia
D.C. Bar No. 985823
555 Fourth Street, N.W.
Washington, DC 20530
Maria.Fedor@usdoj.gov