IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No. 21cr268-CJN |
| | ) | |
| **JEFFREY MCKELLOP,** | ) | |
| **Defendant.** | ) | |
| | ) | |

### MCKELLOP'S OPPOSITION TO GOVERNMENT'S
### MOTION *IN LIMINE* TO PRECLUDE CLAIMS OF SELF-DEFENSE

Defendant Jeffrey McKellop, by counsel, hereby files his Response in Opposition to Government's Motion in Limine to Preclude Claims of Self-Defense (Doc 56).

Nearly three months before trial, the Government moves to force Defendant to proffer facts supporting a potential defense of self-defense or, failing such production, prohibit Defendant from raising such a claim. While it discusses the substance of self-defense claims, the Government fails to explain why it believes itself entitled to a preview of Defendant's potential defense strategies. Absent such explanation, the Court should return to first principles: The Government is not entitled to gain advance knowledge of Defendant's defense strategy or preclude Defendant from raising a defense before any evidence has been adduced. Accordingly, this Court should deny the Government's motion.

**ARGUMENT**

Federal Crim. Proc. Rules 12.1-12.3 explicitly provide a list of defenses that a defendant must disclose pretrial – alibi (Rule 12. 1), insanity (Rule 12.2), and public authority (Rule 12.3). Self-defense is not among the listed defenses. Per the rules, the Government is not entitled to

notice of an intent to assert self-defense, let alone a pretrial proffer of facts supporting such a claim.

The Government instead relies on three cases which stand for the proposition that a jury need not be burdened with testimony supporting only some of the elements of an affirmative defense if even one element cannot be supported. *See* Govt. Motion at 7 (*citing U.S. v. Bailey*, 444 U.S. 394, 399–400 (1980); *U.S. v. Lebreault-Feliz*, 807 F.3d 1, 3 (1st Cir. 2015); *U.S. v. Portillo-Vega*, 478 F.3d 1194, 1198 (10th Cir. 2007)). This proposition, however, is entirely different than the relief the Government seeks, which is to force Defendant to reveal strategies prior to trial and permit the Government to assess substantive evidence Defendant *may* decide to introduce. The Government seeks all of this, irrespective of what evidence the Government actually introduces in court. The Government's request is inappropriate, and its cases do not say otherwise.

Indeed, in both *U.S. v. Bailey* and *U.S. v. Lebreault-Feliz* defendants were precluded from introducing evidence at trial. For instance, in *Bailey*, "[c]onsistently during the trial" for three of the four defendants, the district court stressed that defendants "would have to introduce some evidence" for their duress or necessity defense, but "the court waited for such evidence in vain." *Bailey*, 444 U.S. at 399. Only at "the close of all the evidence" did the district court reject defendants' "proffered instruction on duress." *Id.* at 399–400. The fourth defendant was prevented from providing testimony for his affirmative defense only after inquiry into his conduct and was based on his inability to give non-speculative answers for his own behavior. *Id.* at 400.

Likewise the court in *Lebreault-Feliz* only denied the defendant's attempts to raise a duress defense at trial. *Lebreault-Feliz*, 807 F.3d at 3. A review of the *Lebreault-Feliz* case

docket indicates that the defendant moved for jury instructions on duress after the Government had presented two days worth of evidence. *See US v. Feliz*, 1:13-cr-10171-DJC (D. Mass). While it is unclear what transpired those first days of trial, it is clear that the court did not address a pretrial motion *in limine* and only denied the defense's jury instructions as to duress on the third day of trial. As such, *U.S. v. Lebreault-Feliz* in inapposite to the issue of pre-trial notice before the Court.

The *Portillo-Vega* court admittedly addressed a pretrial motion *in limine*. The case, however, is distinguishable as the timing appears to have been prompted by the defense's actions. The defendant "filed a notice of intent to present a duress defense and a motion for a jury instruction on duress" which appears to have prompted the Government's motion *in limine* and the subsequent hearing. *Portillo-Vega*, 478 F.3d at 1198. In contrast, Defendant has not noticed an intent to present an affirmative defense and has not made any motions for any jury instructions. As such, asking for the preclusion of an affirmative defense or to assess potential evidence regarding such a defense is entirely premature.

In sum, neither the federal rules nor the Constitution require Defendant to provide the Government a sneak peak at his defense. In fact the law is quite clear that Defendant need not disclose trial strategy to the Government. *Cf. In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017) ("Opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances"). Accordingly, this Court should deny the Government's motion.

**CONCLUSION**

WHEREFORE for these reasons, the Court should deny the Government's motion *in limine* to preclude claims of self-defense.

Respectfully submitted,

JEFFREY MCKELLOP

By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for Jeffrey McKellop

Certificate of Electronic Service

I hereby certify that on April 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

_____/s/_____
John C. Kiyonaga