IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No. 21cr268-CJN |
| | ) | |
| **JEFFREY MCKELLOP,** | ) | |
| Defendant. | ) | |
| | ) | |

## MCKELLOP'S OPPOSITION TO GOVERNMENT'S
## MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Defendant Jeffrey McKellop, by counsel, hereby files his Response in Opposition to Government's Motion *in Limine* to Exclude Improper Character Evidence (Doc 55).

The Government has moved to limit the admission of evidence about Mr. McKellop's service in the United States Army and related accolades, awards, medals, commendations, certificates, letters, performance reviews, or other records. The Government argues this evidence would constitute improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a). Defendant, however, fully intends by the Rules of Evidence, particularly Fed. R. Evid. 4404(a)(1). A limiting order is unnecessary and could prevent the presentment of pertinent information at trial. Therefore, this Court should deny the Government's motion.

### ARGUMENT

Rule 404(a)(1) instructs that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *Id.* Defendant has no intention of violating this or any other rule from the Federal Rules of Evidence. As the Government notes, Defendant has submitted records about his military service to the Court. Govt. Motion at 1. However, these records were not submitted

1

to prove that Mr. McKellop acted in accordance with his character or as evidence of innocence—they were submitted as motions for pretrial release. *See* Defendant's Memorandum in Support of Pre-Trial Release, ECF No. 17 at 2; Motion to Revoke Detention Order and for Pretrial Release, ECF No. 36 at 7, 13. The purpose of the evidence was to show that Mr. McKellop should be given pretrial release, that is, as evidence of future behavior. The purpose was not to contextualize his past behavior as prohibited by Rule 404(a)(1).

If the Government thinks Defendant seeks to present improper character evidence, there is already a solution at hand: the Government can object under the Federal Rules of Evidence. An order limiting character evidence already prohibited under the Federal Rules of Evidence is therefore redundant and unnecessary.

However, an order being unnecessary does not make it harmless. The Government has already said that it "intends to introduce evidence of the defendant's prior military background, including his training and skills." Govt. Motion at 1, n. 1. If the Government's motion is granted, depending on the wording of the order, the Government may be able to present evidence about Defendant's military background in a way that Defendant himself cannot.

## CONCLUSION

An order limiting Defendant's ability to introduce character evidence must be either identical to or more expansive than the Federal Rules of Evidence. If it is identical, it is entirely redundant. If it is more expansive, it will limit Defendant's ability to defend himself in a way that the Federal Rules of Evidence would allow.

WHEREFORE for these reasons, the Government's motion *in limine* to preclude character evidence should be denied.

Respectfully submitted,

2

JEFFREY MCKELLOP

By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for Jeffrey McKellop

Certificate of Electronic Service

    I hereby certify that on April 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

_____/s/_____

John C. Kiyonaga