# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-268 (CJN) |
| : | |
| JEFFREY MCKELLOP, : | |
| : | |
| Defendant. : | |

## UNITED STATES' OMNIBUS REPLY TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTIONS *IN LIMINE*

The United States of America moved to (1) limit the cross-examination of witnesses regarding United States Secret Service protection at the U.S. Capitol on January 6, 2021, ECF No. 54, (2) preclude the introduction of prior good conduct under Fed. R. Evid. 401, 403, and 611(b), ECF No. 55, and (3) preclude the defendant from raising any claim of self-defense, or, in the alternative, require a pre-trial proffer of facts to allow the defendant to make such arguments, ECF No. 56. The defendant opposes each of the government's three motions *in limine*. ECF No. 61 ("Def.'s Self-Defense Opp'n"), ECF No. 62 ("Def.'s Character Evidence Opp'n"), ECF No. 63 ("Def.'s USSS Opp'n"). The government now submits this omnibus reply to address the defendant's opposition to the motions *in limine* regarding United States Secret Service protocols and self-defense claims.

### United States Secret Service Protocols

In the government's motion *in limine* regarding United States Secret Service protocols, the government sought to preclude the defendant from examining the witnesses regarding:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and

      2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. ECF No. 54, at 2.

Cross-examination of witnesses about extraneous matters beyond the scope of direct examination should be excluded as irrelevant and an unnecessary intrusion into sensitive national security matter. As the government previously argued, the movement of the Vice President, his family, and their motorcade for their safety is relevant to whether the civil disorder adversely affected the Secret Service's ability to protect those individuals. However, the Secret Service's general protocols about relocation for safety should be excluded as irrelevant. Fed. R. Evid. 401 (defining relevant evidence). Similarly, the details about the nature of Secret Service protective details are irrelevant to whether the disorder adversely affected the Secret Service's duties to protectees in this case, or that the Capitol and its grounds were restricted at the time. Moreover, the two above-enumerated areas implicate sensitive matters of national security. While the government is hopeful that January 6, 2021 will be the last instance a protectee will need to be evacuated from the Capitol, publicly disclosing such information could place information that would help capture or kill these officials in the wrong hands.

      In his response, the defendant appears to concede the irrelevance of such information, stating that he "does not foresee that the protocols in either of these two paragraphs would be pertinent to his defense." ECF No. 63, 1-2. Despite this concession, the defendant nevertheless seeks "latitude" to question about protocols regarding specific exigencies, aside from the actual protection of the Vice President, his family, and motorcade on January 6, 2021. The defendant cites no basis establishing the relevance of such information to the defendant's case. No such "latitude" should be afforded because questions about Secret Service protocols "would be inappropriate and immaterial to the question of guilt, or to the credibility of the Secret Service witness." *United States v. Griffin,* 21-CR-92, ECF No. 92, at 4 (D.D.C. Mar. 18, 2022) (TNM).

Accordingly, the government's motion *in limine* regarding the preclusion of certain cross-examination regarding the United States Secret Service protocols should be granted in full.

### Claim of Self-Defense

In the motion *in limine* regarding a self-defense claim, the government sought to preclude the defendant from raising any claim of self-defense because the facts, as a matter of law, do not support such a claim. ECF No. 56. In the alternative, the government requested that the defendant provide a pre-trial proffer in order to determine whether the defendant is entitled as a matter of law to assert self-defense. *Id.*

In his opposition, the defendant contends that the cases put forth by the government "stand for the proposition that a jury need not be burdened with testimony supporting only some of the elements of an affirmative defense if even one element cannot be supported" but claims this proposition is "entirely different than the relief the Government seeks, which is to force Defendant to reveal strategies prior to trial . . . ." Def.'s Self-Defense Opp'n at 2. The defendant is incorrect. Courts routinely recognize that a defendant must make some proffer outside the presence of the jury in order to put forth an affirmative defense. *See United States v. Lebreault-Feliz*, 807 F.3d 1, 4 (1st Cir. 2015) (defendant was barred from presenting affirmative defenses of duress and necessity to the jury *after* proffering evidence to the trial court (emphasis added)); *United States v. Portillo-Vega*, 478 F.3d 1194, 1200 (10th Cir. 2007) (upholding the district court's decision to preclude the presentment of an affirmative defense, noting that "the issue is not what the jury might have believed" but whether the defendant's proffered evidence "carried his burden of establishing, by a preponderance of the evidence, each element of" his defense).

Defendant argues that *Portillo-Vega* is distinguishable since he "has not noticed an intent to present an affirmative defense and has not made any motions for any jury instructions," calling the government's motion "entirely premature." Def's Self-Defense Opp'n at 3. Yet, the

government's motion complies with the Court's briefing schedule. Moreover, the defendant fails to provide any sound reason for waiting until trial to determine whether evidence can be put forth before the jury regarding a self-defense claim. To the contrary, to the extent that the defendant anticipates referring to self-defense in an opening statement, he must provide a proffer to support such a reference in order to avoid tainting the jury with an unsupportable defense. Accordingly, the Government's motion *in limine* regarding the preclusion of a self-defense claim should be granted.

## CONCLUSION

For the reasons stated above, and those stated in the Government's motions *in limine* (ECF Nos. 54-56), the United States requests that this court grant its three pending motions *in limine* in this matter.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: *s/ Mary L. Dohrmann*
MARY L. DOHRMANN
NY Bar No. 5443874
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Maria Y. Fedor*
MARIA Y. FEDOR
Attorney, detailed to the
United States Attorney's Office for the
District of Columbia
D.C. Bar No. 985823
555 Fourth Street, N.W.
Washington, DC 20530
Maria.Fedor@usdoj.gov

## CERTIFICATE OF SERVICE

On this 28th day of April 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

                        By:    /s/ *Maria Y. Fedor*
                                MARIA Y. FEDOR
                                D.C. Bar No. 985823
                                Attorney, detailed to
                                United States Attorney's Office
                                for the District of Columbia
                                Maria.Fedor@usdoj.gov