**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) | |
| v. | ) ) | Crim. No. 21-cr-268-CJN |
| **JEFFREY MCKELLOP,** Defendant. | ) ) ) ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DISMISS FOR SELECTIVE PROSECUTION**

Defendant, Jeffrey McKellop, hereby files his Reply to the Government's Opposition to Defendant's Motion to Dismiss for Selective Prosecution.

**ARGUMENT**

In his Motion to Dismiss for selective prosecution, Defendant compared the prosecution of his case and the cases of other January 6th defendants, many of whom support former President Trump, with the Portland Protestors, who are associated with the political left. In its Opposition, the Government argues that Defendant is not similarly situated to the Portland Protestors.

While the Government can point to differences between the circumstances of the Portland Protesters and the January 6th defendants, those differences do not occlude the fundamental similarity between the cases. Indeed, being similarly situated only requires "some degree of commonality among the indictable group, such that the defendant challenging his indictment may make a supportable demonstration that those unindicted persons are, in fact, similarly situated, and consequently, there must be an improper motive behind the selected individual's prosecution." *United States v. Blackley*, 986 F.

Supp. 616, 619 (D.D.C. 1997). Defendant is similarly situated to the individuals protesting at the federal courthouse in Portland, because, just like the Defendant, many of those protesters were alleged to have committed violent acts against federal law enforcement officials protecting a federal building.

For instance, one Portland defendant "placed his right arm around the neck of [U.S. Customs and Border Protection] Officer 1 in headlock maneuver." *United States v. Bouchard*, case no. 3:20-mj-00165 (D. Ore. July 24, 2020), ECF 1-1 at 5. When another officer came to remove the defendant's arm from around the other officer's neck, "all three individuals went to the ground." *Id.* The Government later moved to dismiss the charges against the defendant with prejudice. *Bouchard*, 3:20-mj-00165, ECF 16 at 1.

Another Portland defendant "used a homemade shield to strike [an] officer in the face." *United States v. Johnson*, case no. 3:20-mj-00170 (D. Ore. July 27, 2020), ECF 1 at 5. The defendant was carrying an "extendable baton, OC spray, steel plated body armor, [a] helmet, [an] individual first aid kit, shin guards, [a] gas mask, goggles, [a] phone, and miscellaneous clothing." *Id.* at 6. The Government moved to dismiss this case, too. *Johnson*, 3:20-mj-00170, ECF 9 at 1.

A third Portland defendant "struck [a deputy United States marshal] in the face with a shield and then punched [the deputy United States marshal] in the face with a closed fist." *United States v. Webb*, case no. 3:20-mj-00169 (D. Ore. July 27, 2021), ECF 1 at 5. The Government moved to dismiss this case with prejudice. *Webb*, 3:20-mj-00169, ECF 22 at 1.

The Government seeks to distinguish these examples. For instance, the Government notes that the Portland cases did not involve members of Congress and congressional staffers fearing attacks from rioters roaming the Capitol's corridors. Opp. at 6. The Government also cites *United States v. Miller*, 1:21-cr-00119 (D.D.C. Dec. 21, 2021), ECF 67, in which this Court denied a January 6th defendant's motion to compel discovery and for an evidentiary hearing regarding selective prosecution. The Court in that case distinguished Portland cases in part because the Portland rioters did not "make it past the buildings' outer defenses." *Miller*, 1:21-cr-00119, ECF 67 at 3.

Defendant did not enter the Capitol, and he was not one of the January 6 protesters "roaming the Capitol's corridors." Thus, while the Portland rioters not entering the buildings in Portland may distinguish their cases from January 6th defendants like Mr. Miller, who did enter the Capitol, *Miller*, 1:21-cr-00119, ECF 5-1, such inaction does not distinguish their cases from Defendant's. Rather, Defendant is alleged to have committed violent acts against federal law enforcement officials protecting a federal building, just as were several Portland defendants whose cases the Government moved to dismiss.

Defendant is similarly situated to the Portland protesters. And yet, where the Government moved to dismiss charges against the Portland protesters, whose cause is associated with the political left, the Government has continued to push for prosecution against Defendant, who attended a protest associated with the political right. A discriminatory effect can be seen in how the Government has pursued cases against protesters from opposite political persuasions.

**CONCLUSION**

The Government's continued prosecution against Defendant has a discriminatory effect and a discriminatory purpose. For these reasons, his motion to dismiss based on selective prosecution should be granted.

Respectfully submitted,

JEFFREY MCKELLOP

By Counsel

\_\_\_\_\_/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com
Counsel for Jeffrey McKellop

<u>Certificate of Electronic Service</u>

      I hereby certify that on April 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

          /s/_____

      John C. Kiyonaga