```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA              CR No. 1:21-cr-00268-CJN-1

v.                                    Washington, D.C.
                                      Thursday, May 13, 2021
JEFFREY MCKELLOP,                     11:15 a.m.


              Defendant.
- - - - - - - - - - - - - - - - - - x
_____
              TRANSCRIPT OF STATUS CONFERENCE
          HELD BEFORE THE HONORABLE CARL J. NICHOLS
                 UNITED STATES DISTRICT JUDGE
_____
```

APPEARANCES VIA TELECONFERENCE:

For the United States:    Mary L. Dohrmann, Esq.
                          Daniel Honold, Esq.
                          U.S. ATTORNEY'S OFFICE FOR THE
                          DISTRICT OF COLUMBIA
                          555 4th Street, NW
                          Washington, DC 20530
                          (202) 252-7035


For the Defendant:        Catherine C. Henry, Esq.
                          Katrina Young, Esq.
                          FEDERAL COMMUNITY DEFENDER OFFICE, EDPA
                          601 Walnut Street
                          Suite 540 West
                          Philadelphia, PA 19106
                          (215) 928-1100


Court Reporter:           Timothy R. Miller, RPR, CRR, NJ-CCR
                          Official Court Reporter
                          U.S. Courthouse, Room 6722
                          333 Constitution Avenue, NW
                          Washington, DC 20001
                          (202) 354-3111


Proceedings recorded by machine shorthand; transcript produced
by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2              THE DEPUTY CLERK:  This is criminal case year
 3   2021-268, United States of America v. Jeffrey McKellop, who
 4   is present by telephone.
 5              Counsel, please introduce yourselves for the
 6   record, beginning with the Government.
 7              MS. DOHRMANN:  Good morning, Your Honor.  Mary
 8   Dohrmann on behalf of the United States.
 9              THE COURT:  Ms. Dohrmann, good morning.
10              MR. HONOLD:  And good morning, Your Honor.  Daniel
11   Honold for the United States.
12              THE COURT:  Good morning.
13              MS. HENRY:  Good morning, Your Honor.  Catherine
14   Henry on behalf of Mr. McKellop.
15              THE COURT:  Ms. Henry, good morning.
16              MS. YOUNG:  And good morning, Your Honor.  Katrina
17   Young, also on behalf of Mr. McKellop.
18              THE COURT:  Good morning, Ms. Young.
19              Will anyone else be joining for Mr. McKellop?
20              MS. HENRY:  No, Your Honor.
21              THE COURT:  Ms. Henry, Ms. Young, do you consent
22   to proceed this morning by teleconference?
23              MS. HENRY:  Yes, Your Honor.
24              THE COURT:  Okay.  Thank you.
25              So why don't we start with the Government.
```

1   Ms. Dohrmann, where do things stand?  Obviously, I know this
2   case quite well, at least the underlying materials, but can
3   you bring me up to speed on what's happened in the last
4   approximately month.
5               MS. DOHRMANN:  Yes, certainly, Your Honor.
6               So we were able to reach an agreement on a
7   protective order for discovery materials in the case and
8   that was filed, I believe, earlier this week.  And I believe
9   we are also in agreement on a 6(e) motion that will be filed
10  shortly and that will allow the production of discovery
11  materials.  AUSA Honold and I have completed our review of
12  certain -- of materials and authorized their production
13  under, you know, certain -- with certain specifications
14  under the protective order, etcetera, and I know that our
15  agents are working diligently on putting all of that
16  together so that Ms. Henry and Ms. Young can expect a large
17  production in the next couple of weeks, I would anticipate,
18  of discovery.
19              We've also had some very, very preliminary
20  discussions about what a disposition might look like in this
21  case, and we're hoping to continue those discussions
22  hopefully in the next week to, sort of, get a clearer
23  picture.  I do not yet have authority to extend a formal
24  plea offer, and just given the nature of these cases, it,
25  you know -- it's not an immediate process.  There's an

1   involved process there.  So -- but we have started talking
2   about it and I'm hoping we will continue those conversations
3   and, maybe, get some more clarity on what a disposition
4   short of trial might look like in this case.
5              So I think based on those -- how things have
6   proceeded, the Government's request would be -- and
7   understanding, of course, that Your Honor wishes to hear
8   detained cases on a -- perhaps a more regular basis than
9   non-detained cases for a completely understandable reason,
10  and the Government would suggest coming back, again, in
11  about 30 days, and that time should be excluded to allow
12  discovery to proceed and discussions regarding potential
13  disposition of the case to continue.
14             THE COURT:  Thank you, Ms. Dohrmann.
15             Ms. Henry, what say you?
16             MS. HENRY:  Yes, Your Honor.  She's correct.  We
17  did have -- we have had some conversations and we look
18  forward to, you know, receiving the discovery in the next
19  couple weeks and then we can go and -- back down and present
20  it -- go over things with our client.  So I think a 30-day
21  status would be appropriate.
22             THE COURT:  And do you agree, then, that it's
23  appropriate for me to exclude time under the Speedy Trial
24  Act?
25             MS. HENRY:  Yes, Your Honor.

1        THE COURT:  Thank you.  Actually, I do have one
2    question.  So thank you for --
3        MS. HENRY:  Sure.
4        THE COURT:  -- all of that, Counsel.  Ms. -- it's
5    actually for the Government.
6        MS. HENRY:  Okay.
7        THE COURT:  Ms. Dohrmann, the discovery that the
8    Government intends to provide to defense counsel, is that
9    what I'm -- that -- what the Government is calling in other
10   cases, sort of, defendant-specific discovery and would not
11   necessarily include the broader set of videos and other data
12   and information that is being compiled in the -- what I
13   understand to be, sort of, a January 6th-wide database?
14       MS. DOHRMANN:  So --
15       THE COURT:  So that was --
16       MS. DOHRMANN:  Yes --
17       THE COURT:  We still have to work through that
18   question of whether that additional information is
19   sufficiently relevant to the defendant here that an ultimate
20   disposition has to wait.  But do I have that right --
21       MS. DOHRMANN:  You --
22       THE COURT:  -- Ms. Dohrmann --
23       MS. DOHRMANN:  You --
24       THE COURT:  I --
25       MS. DOHRMANN:  You are --

1          THE COURT: (Inaudible.)

2          MS. DOHRMANN:  -- right, Your Honor.  That's

3  right.  Thank you for bringing that up.  You are exactly

4  right, because I'm, you know -- especially in a case like

5  this where there is -- body-worn camera is relevant and

6  there is going to be -- from my understanding, as Your Honor

7  just outlined, there's going to be a vendor with, you know,

8  a database where body-worn camera can be, to my

9  understanding, searched.  And more comprehensively, that is

10  not what I'm talking about.  We're talking about

11  defendant-specific production.  It will be, you know, a

12  large and hopefully substantially complete production, but

13  even, of course, in -- or not of course -- but in this case,

14  you know, defendant-specific discovery is still coming in at

15  times.  So it -- to go back to Your Honor's question, yes,

16  it does not include the broader January 6th discovery,

17  including, sort of, a compendium of body-worn camera

18  information, etcetera.  It should include a large majority

19  of this defendant-specific discovery.

20          THE COURT:  Thank you.  That's what I was

21  assuming, but I wanted to just make sure that my assumption

22  was not incorrect.

23          So assuming that that -- that both that's your

24  understanding, Ms. Henry or Ms. Young, and that that doesn't

25  change your view about a 30-day status and excluding the

```
 1    Speedy Trial Act, should we set this for perhaps June 14th?
 2    And I'll just -- well, we could just try the --
 3    approximately the same time as today, 11:00 a.m., but if
 4    that time doesn't work, my calendar that week is relatively
 5    free.
 6              MS. HENRY:  That works for me.
 7              Is that okay for you, Katrina?
 8              MS. YOUNG:  Yeah, I think that's good.
 9              MS. HENRY:  Okay.
10              THE COURT:  And, Ms. Henry, I take it the
11    discussion about the two kinds of discovery we're talking
12    about here doesn't change the defendant's position on doing
13    a status conference in 30 days approximately and --
14              MS. HENRY:  Yep.
15              THE COURT:  -- excluding time.
16              MS. HENRY:  No, Your Honor.
17              THE COURT:  Okay.  Thank you.
18              Ms. Dohrmann, does June 14th at 11:00 a.m. work
19    for the Government?
20              MS. DOHRMANN:  It works for me.  I'm not sure if
21    it works for AUSA Honold, as well.
22              THE COURT:  Mr. Honold?
23              MR. HONOLD:  I have an unscheduled status hearing
24    in Superior Court that morning, but the odds of it
25    coinciding with the 11:00 a.m. are low enough that I feel
```

```
 1    comfortable with this date.
 2              THE COURT:  Let's do -- let's set it then and,
 3    obviously, if something comes up and it needs to be moved,
 4    that's just fine, and my intent here for this next one at
 5    least is to do it telephonically again.  It may be that
 6    there's a future hearing where it makes sense to do it in
 7    person, but I -- my sense is that this next one probably
 8    won't be that hearing.
 9              So for these various reasons, we'll set another
10    status in this matter for June 14th, 2021, at 11:00 a.m. by
11    phone.  And I find that -- for the reasons discussed that
12    the ends of justice are best served and outweigh the
13    interests of the public and the defendant in a speedy trial
14    and that the time between today's date and that next status
15    conference, June 14th, will be excluded in computed time
16    within which the trial must commence in this case under the
17    Speedy Trial Act.
18              Are there any other topics we should discuss
19    today, Ms. Dohrmann?
20              MS. DOHRMANN:  No, Your Honor.
21              THE COURT:  Thank you.
22              Ms. Henry?
23              MS. HENRY:  No, Your Honor.  Thank you.
24              THE COURT:  Okay.  Thank you, Counsel.
25              MS. HENRY:  Thank you, Your Honor.
```

1            MS. DOHRMANN:  Thank you, Your Honor.

2            (Proceedings concluded at 11:28 a.m.)

3            * * * * * * * * * * * *

4            **CERTIFICATE OF OFFICIAL COURT REPORTER**

5     I, TIMOTHY R. MILLER, RPR, CRR, NJ-CCR, do hereby certify

6  that the above and foregoing constitutes a true and accurate

7  transcript of my stenographic notes and is a full, true and

8  complete transcript of the proceedings to the best of my

9  ability, dated this 6th day of May 2022.

10    Please note:  This hearing occurred during the COVID-19

11 pandemic and is, therefore, subject to the technological

12 limitations of court reporting remotely.

13                          /s/Timothy R. Miller, RPR, CRR, NJ-CCR
                            Official Court Reporter
14                            United States Courthouse
                           Room 6722
15                            333 Constitution Avenue, NW
                           Washington, DC 20001

16

17

18

19

20

21

22

23

24

25