UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JEFFREY MCKELLOP, <br><br> *Defendant*. | Criminal Action No. 1:21-cr-00268 (CJN) |

### ORDER

Before the Court are three motions filed by the government: a Motion in Limine Regarding Cross-Examination about U.S. Secret Service Protection, ECF No. 54; a Motion in Limine to Exclude Improper Character Evidence, ECF No. 55; and a Motion in Limine to Preclude Claims of Self Defense, ECF No. 56. After having heard oral argument on these Motions, *see* Minute Entry of May 3, 2022, the Court believes each is premature and denies them without prejudice. They may be renewed at trial as circumstances warrant.

\*   \*   \*

The government moves to limit cross-examination about certain aspects of the Secret Service. *See generally* Motion in Limine Regarding Cross-Examination about U.S. Secret Service Protection ("Secret Serv. Mot."), ECF No. 54. Specifically, the government asks the Court to preclude McKellop from asking any questions about Secret Service protocols related to the locations where protectees or their motorcades are taken when emergencies occur, along with details about the nature of Secret Service details, "such as the number and type of agents the Secret Service assigns to protectees." *Id.* at 2. McKellop, for his part, states that he "does not foresee that th[os]e protocols . . . would be pertinent to his defense. Nonetheless, he does seek the latitude to cross examine as to the protocols in place to address the specific exigencies without revealing

1

granular tactical particulars potentially prejudicial to operational security." ECF No. 63 at 1–2 (parentheticals omitted).

The Court finds that it is lacking the necessary context to make a ruling on this matter. While it agrees with the government that, in the abstract, questions going to these details would likely be inappropriate (a point to which McKellop agrees, *see id.*), the Court has not yet seen what evidence will be proffered by the government. It is at least plausible that the government's evidence could make certain cross-examination questions on these topics relevant. *See* Fed. R. Evid. 401, 403, 611(b). The Court thus denies this Motion without prejudice.

\*     \*     \*

For its next motion, the government seeks to exclude any "evidence of specific instances of [McKellop's] prior good conduct, including those derived from his career in the military, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a)." Motion in Limine to Exclude Improper Character Evidence ("Character Evid. Mot."), ECF No. 55, at 1. McKellop largely agrees; he says that he intends to abide by those rules at trial. *See* ECF No. 62 at 1–2. But, he notes, "[i]f the Government's motion is granted, depending on the wording of the order, the Government may be able to present evidence about Defendant's military background in a way that Defendant himself cannot." *Id.* at 2. Far better, he posits, for the government to object at trial to any potentially inappropriate material rather than the Court ruling on the matter now. *See id.*

The Court agrees. While it appreciates the government bringing this matter as a motion in limine, given the schedule for motions in limine and the unknowns of what will be elicited at trial, the Court thinks the proper avenue is to deny the Motion without prejudice. The Court expects

both parties to assiduously abide by the Federal Rules of Evidence at trial. Should one party depart from them, however, the Court will entertain such an objection at that time.

\*     \*     \*

The final motion seeks to exclude any claims of self-defense. *See generally* Mot. in Limine to Preclude Claims of Self Defense ("Self-Defense Mot."), ECF No. 56. In the government's view, "[t]he facts [in this case], as a matter of law, do not support a claim of self-defense." *Id.* at 1. McKellop responds that "the Government is not entitled to notice of an intent to assert self-defense, let alone a pretrial proffer of facts supporting such a claim." ECF No. 61 at 1–2. In his view, "neither the federal rules nor the Constitution require Defendant to provide the Government a sneak pe[e]k at his defense." *Id.* at 3.

At the hearing on the motions, the government essentially conceded that McKellop is required, at most, to make a proffer of facts regarding this defense to the Court *at trial* (assuming that a self-defense claim is raised). The Court will thus deny the motion without prejudice. Self-defense is not a defense that the Defendant must disclose pretrial. *See* Fed. R. Crim. P. 12.1–12.3 (listing defenses that must be disclosed pretrial). While it might be appropriate for McKellop to make a proffer to the Court *at trial* (assuming that a self-defense claim is raised)—a question the Court does not decide in this Order—the Court will not order McKellop to make such a showing before that point.

\*     \*     \*

The Court appreciates the diligence of counsel for both sides in making sure that these objections are preserved. But given the particular nature of this trial, the Court finds each of these motions premature. Accordingly, it is **ORDERED** that:

- The United States' Motion in Limine Regarding Cross-Examination about U.S. Secret Service Protection, ECF No. 54, is **DENIED WITHOUT PREJUDICE**;

3

- The United States' Motion in Limine to Exclude Improper Character Evidence, ECF No. 55, is **DENIED WITHOUT PREJUDICE**; and
- The United States' Motion in Limine to Preclude Claims of Self Defense, ECF No. 56, is **DENIED WITHOUT PREJUDICE**

It is **SO ORDERED**.

DATE:  May 11, 2022

CARL J. NICHOLS
United States District Judge