IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No. 21cr268-CJN |
| | ) | |
| **JEFFREY MCKELLOP,** | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S PROPOSAL FOR ADJUDICATING PRIVILEGED MATERIAL**

Defendant Jeffrey McKellop, by counsel, hereby files his proposal for adjudicating what material is privileged.

**BACKGROUND**

The Government alleges that Defendant shared his login information for the evidence.com D-FPD database with unauthorized individuals. The alleged sharing may have violated the protective order prohibiting the sharing of sensitive and highly sensitive material. As such, the Government obtained a search warrant for Mr. McKellop's cell for "[a]ll letters, records, documents, notebooks, phone books, address books, photographs, and notations, as well as evidence establishing ownership and/or control of the aforementioned items, which constitute evidence of, or relate to, violations of 18 U.S.C. §§ 401 (Contempt of Court) and 1030, 2 (Computer Fraud, Aiding and Abetting)." (Search Warrant Attachment B).

Because Mr. McKellop was in possession of privileged material, undersigned filed an emergency petition to prevent the Government from reviewing any material until privileged material could be filtered out. In an emergency hearing on May 18th, the Court ordered the Government not to review any material until privileged material was filtered out through a

1

process agreed upon by the parties or ordered by the Court.  The Court further instructed the parties to attempt to come to an agreement on a filtering process.  If no agreement could be reached, Defense counsel was instructed to propose filtering procedures.  The partiers conferred, but failed to reach agreement on a filter protocol.

I.      **The Seized Materials Include Privileged Material.**

The Government's seizure of materials from Mr. McKellop includes all his records, documents, and notebooks.  The seized material includes notes he has been compiling, on instruction from his attorney, for his defense.  In particular, the seized material includes Mr. McKellop's choices – consequent to his attorney's guidance – as to which video record provide the most support for his defense.  Material prepared on the instruction of his attorney for his own defense is privileged from review.  Therefore, any filtering process must be adequately protective of these materials.

**PROPOSAL**

The Defense proposes a three-step filtering process.  First, Defense Counsel will review all seized material, turning over any non-privileged material directly to the Government.  Second, any material Defense Counsel believes to be privileged will be reviewed by a team of three non-government attorneys appointed by the Court.  Third, any material the filter team believes to be non-privileged will be turned over to the Court, who will adjudicate the matter after giving Defense Counsel an opportunity to be heard.  This process will provide protection for privileged material while also providing the Government with a way to obtain non-privileged material.

II.     **Defense Counsel Should Do the Initial Review**

For ease of administration, Defense counsel should do the initial review. Non-privileged material will then be handed over directly to the Government. Material Defense Counsel believes to be privileged will proceed to the filter team.

Initial review by Defense Counsel will ease the workload of the filter team; there is no need for the filter team to review material for which Defense counsel has no intent of claiming privilege. Initial Review would also allow the Government to receive non-privileged material in a a more manner as there would be no need for an adjudicatory process.

### III.   A Team of Non-Government Attorneys Appointed by the Court Should Review Privileged Material.

All material Defense believes to be privileged should be handed over to the Court appointed filter team. The filter team would segregate any material deemed by it to be privileged or outside the ambit of the warrant. The remainder of the material would be filed *ex parte* with the Court with a copy to Defense counsel.

For prudential reasons, this team should be appointed by the Court and composed of non-government attorneys, i.e., attorneys not employed by any government agency. The filter team should be composed of non-government attorneys for two reasons. First, a filter team composed government attorneys, especially government attorneys with a prosecutorial background, may have a limited view of what sorts of material a criminal defendant is entitled to keep from the government and its prosecutors. At least two federal circuits have acknowledged that government attorneys may have a more limited view of privilege than other attorneys. *See In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006) ("It is reasonable to presume that the government's taint team might have a more restrictive view of privilege than appellants' attorneys."); *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 177 (4th Cir. 2019) ("As the Sixth Circuit also emphasized, filter team errors can arise from differences of opinion

regarding privilege. In explaining that problem, the court elaborated that a filter team's members 'might have a more restrictive view of privilege' than the subject of the search, given their prosecutorial interests in pursuing the underlying investigations.") (internal citations omitted). A court-appointed team is much less likely to have the same biases.

Second, filter teams have been known to make mistakes, and a government filter team elevates the risk of mistakes. Although no person (or group of people) is completely immune from mistakes, the possibility of material being witnessed by the wrong person is elevated when the reviewers and the prosecutors are colleagues who interact.

Finally, review by a non-government attorney is not a completely novel concept. Courts have endorsed review by non-government attorneys. *See Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955, 962 (3rd Cir. 1984) ("For example, upon application by the government to the district court . . . and at the expense of the government, the court could appoint a master to examine *in camera* any material that the law firm objects to producing."); *U.S. v. Stewart*, 2002 WL 1300059 (S.D.N.Y. 2002) (appointing a "current named partner" at a law firm and "prominent criminal defense attorney who was formerly an Assistant United States Attorney and the Deputy Chief of the Criminal Division of the United States Attorney's Office for the Southern District of New York" as a special master); *United States v. Gallego*, 2018 WL 4257967 (D. Ariz. 2018) (appointing a magistrate judge as a special master).

**IV.    Final Adjudication Regarding Possibly Privileged Material Should Be Conducted by the Court.**

Before any material is handed over to the Government, the Court should adjudicate the matter with an opportunity for Defense counsel to be heard. Judicial adjudication is a constitutional necessity under the separation of powers. Specifically, "when a dispute arises as to whether a lawyer's communications or a lawyer's documents are protected by the attorney-

client privilege or work-product doctrine, the resolution of that dispute is a judicial function." *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 176. (4th Cir. 2019).

Even courts that have endorsed government attorneys being on the filter team have acknowledged that final judicial adjudication is necessary. *See In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1251 (11th Cir. 2021) ("[U]nder the Modified Filter-Team Protocol, the Intervenors have the first opportunity to identify potentially privileged materials. And before any of those items may be provided to the investigative team, either the Intervenors or the court must approve."); *United States v. Avenatti*, 559 F. Supp. 3d 274, 284 (S.D.N.Y. 2021) ("In most cases, so long as the putative privilege holder (or its designee) has notice and the opportunity to raise objections with the court before potentially privileged materials are disclosed to members of the prosecution team, it offends neither the law of privilege nor the Fourth Amendment to allow the Government to make the first pass.").

**CONCLUSION**

It was foreseeable that the contents of Defendant's jail cell were unlikely to contain any evidence of a violation of the Court's protective order. Such a violation would entail outgoing, not incoming, information. All outgoing information was subject to government monitoring and is presumably already in the government's possession. Almost assuredly, however, the cell's contents would contain documents produced by or at least reflective of Defendant's trial preparations pursuant to his counsel's instructions. It bears noting that the government chose to seek its search warrant from a magistrate judge instead of the District Judge who has managed this case for a year.

To protect privileged materials, the Court should adopt this three-part proposal. Specifically, Defense Counsel should first review all seized material, turning over any non-privileged material directly to the Government. Any material Defense counsel believes to be privileged will be reviewed by a team of three non-government attorneys appointed by the Court. Finally, as necessitated by constitutional separation of powers, any material the filter team believes to be non-privileged will be turned over to the Court, who will adjudicate the matter after giving Defense Counsel an opportunity to be heard.

WHEREFORE, Mr. McKellop respectfully requests that his proposal be granted.

Respectfully submitted,
JEFFREY MCKELLOP

By Counsel

\_\_\_\_\_/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonaga.com

Counsel for Jeffrey McKellop

Certificate of Electronic Service

I hereby certify that on June 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

\_\_\_\_/s/_____
John C. Kiyonaga