IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| v. ) | Crim. No. 21cr268-CJN |
| ) | |
| **JEFFREY MCKELLOP,** ) | |
|     **Defendant.** ) | |

**DEFENDANT'S REPLY TO THE
UNITED STATES' MEMORANDUM IN
SUPPORT OF PROPOSED FILTER PROTOCOL**

The government opposes Defendant's proposal for adjudicating privileged material and instead proposes its own filter protocol. (*See* Doc. 93 and 93-1). Specifically, Defendant proposed a three-part process involving 1) initial review of all material by defense counsel (with immediate release of any documents found by same to be non-privileged), 2) subsequent review of any material over which defense counsel claims privilege by a filter team of non-government attorneys appointed by the Court, and 3) judicial determination, through an *ex parte* hearing with defense counsel, of privilege for material the filter team believes should be released to the Government.

The government provides a detailed counter-proposal: 1) that there be no initial review by Defense counsel; 2) that the filter team may include Assistant U.S. Attorneys, other Department of Justice attorneys, federal agents, support staff (including paralegals, analysts, and contractors), and possibly others; and 3) that supposedly not privileged materials, as determined by the filter team, be released to the prosecution while potentially privileged material be released only after judicial determination of privilege. Significantly, such judicial hearings would not be

1

*ex parte*, unless disclosure could seriously undermine the government's investigation, in which case the hearing would be *ex parte* with the government.

**ARGUMENT**

The government's proposal weakens protection for privileged material through its use of a filter team composed of (or at least including) personnel of the party opposing Defendant in this controversy. Further, the government seeks to allow material to be released to prosecutors without giving defense counsel an opportunity to be heard regarding said material.

**I.   Prudence Does Not Support a Government Filter Team.**

The government supports its proposal by claiming that government filter teams are "a well-established, nationwide practice" (Doc. 93 at 6). The government also provides several prudential arguments for why it believes a government filter team provides the best balance among competing concerns. At no point does the government argue (let alone cite authority) that a government filter team is legally required. Therefore, it is competing prudential concerns, not legal rules, that predominate the arguments for a composition of any filter team.

Defendant reiterates his prior arguments that prudential concerns favor a filter team composed of non-government attorneys appointed by the Court. A filter team composed of government officials (especially government prosecutors) may have a more limited view of privilege than other attorneys, and government officials working within the same department (or even office) elevate the risk of mistakes.

**II.   No Material Should Be Released to Prosecutors Unless Defense Counsel Has Had an Opportunity to Object.**

Apart from any concerns about the composition of the filter team, the government's proposal that some material be released to prosecutors without giving defense counsel an

opportunity to object seriously reduces (and perhaps eliminates) protection for privileged material.

The government argues for a three-tier categorization of material (Docs. 93 at 5 and 93-1 at 5).  However, the categorization is only for material deemed privileged or potentially privileged by the government filtering team.  Under the government's proposal, the filtering team (comprising government officials) has the unilateral authority to release material to prosecutors.  (Doc. 93-1 at 4 "Documents or data that are identified by this review as not potentially privileged, including documents that do not contain the privilege search terms, may be released to the prosecution team.  No materials shall be disclosed to the prosecution team without the approval of a filter team attorney." and at 5 "If the filter team determines after further review (for example with additional information, evidence, or change in circumstances) that materials under review are unambiguously not privileged or not potentially privileged, those materials may be released to the prosecution team").

The government's proposal therefore invites and anticipates the release of materials to prosecutors without objection from, review by, or even notification to defense counsel.  The Constitution's separation of powers mandates that judges—not Executive Branch agents—have final say as to what material is privileged whenever there is a dispute.  *See In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 176 (4th Cir. 2019) ("when a dispute arises as to whether a lawyer's communications or a lawyer's documents are protected by the attorney-client privilege or work-product doctrine, the resolution of that dispute is a judicial function").  The government seeks to evade this requirement by foreclosing the possibility of a dispute for any material that the government filter team in its own judgment deems not privileged.  This arrangement is particularly problematic given that the government filter team could be composed of Assistant

U.S. Attorneys who may have a more restrictive view of privilege than other attorneys and, as the Fourth and Sixth Circuits have noted, "filter team errors can arise from differences of opinion regarding privilege." *Id.* at 177.

In short, the Government's proposal does not have "any check . . . against the possibility that the government's team might make some false negative conclusions, finding validly privileged documents to be otherwise." *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006). This lack of any check renders the Government's proposal inappropriate.

## CONCLUSION

The government derides undersigned's "inability to recognize the relevance of documents located within the defendant's cell," (Doc 93 at 9), but fails to provide any example of how a document within the cell might constitute evidence of a crime comprised of expressing information from the cell. The fact that federal and local rules authorize Magistrate Judges to issue search warrants (as the government points out [Doc 93 at n.3]) need not have impelled the government to seek its search warrant from other than the District Judge with responsibility for this case since indictment.

An abundance of concerns compel a protocol that does not vest the government with the unilateral latitude to safeguard Defendant's privilege.

WHEREFORE Defendant respectfully requests that his proposal be granted, but should the Court believe a different protocol is warranted, Defendant requests that under no circumstances will material be released to prosecutors without a judicial determination following defendant's right to be heard, that the material is indeed not privileged.

                                                    Respectfully submitted,
                                                    JEFFREY MCKELLOP

By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonaga.com

Counsel for Jeffrey McKellop

5

<u>Certificate of Electronic Service</u>

I hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

_____/s/_____

John C. Kiyonaga