IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, )<br>)<br>v. )<br>)<br>JEFFREY McKELLOP, )<br>   Defendant. )<br>) | Crim. No. 21cr268<br>Hon. Carl J. Nichols |

### DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSTION TO MOTION FOR RECONSIDERATION OF PRETRIAL RELEASE

Comes now Defendant Jeffrey McKellop, by counsel, and replies to the government's Opposition (Doc 91) to his Motion for Reconsideration of Pre Trial Release (Doc 72).

The government utterly misstates the record in attempting to discredit Defendant's essential premise – that the government, through its unilateral choice to indict prior to investigating the facts subject of the charges - has intentionally and unnecessarily prolonged the pre-trial period at bar (i.e., the period required for disclosure of adequate discovery).  By simultaneously demanding pre trial detention, the government renders that detention unjustifiably punitive.

**The Government Misstates the Record**

> "The defense incorrectly argues that the government bears
> the greatest responsibility for the delay of trial.

Opposition at 6.

This, supposedly, is so because Defendant has chosen "to retain counsel of his choice, misuse the discovery access provided him and continue the trial."  Opposition at 7.

Defendant, however, has consistently asserted his Speedy Trial rights and has acceded to continuances not as a consequence of his choosing new counsel (to which he is entitled, *Powell*

1

*v. Alabama*, 287 U.S. 45, 53 (1932)), but because the scope and rate of disclosure of the discovery has compelled such.

>"In November 2021, defendant violated the rules governing his use of a discovery laptop, resulting in temporary revocation of access to the discovery (which, upon information and belief, the defendant has been able to access since August 2021)."

Opposition at 8.

In truth, Defendant's discovery was seized following a meeting with his then counsel. He was never found to have committed a disciplinary infraction and the discovery in question has never been returned. Undersigned tried twice to deliver digitized discovery to the jail and was refused. Following a third attempt by mail, the discovery was finally delivered to Defendant (after several weeks), but jail staff interrupted undersigned's meeting with Defendant and confiscated (without explanation) his digital device. The government tries to mollify the Court by pointing out that undersigned has had access to the discovery. Opposition at n. 3. Defendant, however, is entitled to receive the discovery and to review it with counsel for preparation of his defense. To date, Defendant has been able to review no discovery with undersigned.

Additionally, the government maintains that Defendant has violated the Court's Protective Order restricting dissemination of discovery. Opposition at 8. The government's recourse to uncharged conduct underscores its evasion of its own responsibility for the timeline of this case. Presumably, the government will charge Defendant with Contempt if it ever gleans evidence sufficient to support such a charge. It bears noting, though, that the government's own evidence offered in support of its search warrant application connotes that Defendant was unaware that the conduct alleged violated the Protective Order. Affidavit at 11. It bears noting further that, upon information and belief, the D.C. Jail has been consistently violating the

The government tries to substantiate Defendant's "misuse of discovery:"

Protective Order by commingling evidence on digital tablets shared among all the January 6th defendants housed there. Affidavit at 11.

To the extent the Court is inclined to credit the government's claims of misconduct by Defendant in confinement, Defendant requests a hearing to which pertinent jail staff can be subpoenaed to testify as to the jail's practices pertinent to the discovery given the January 6th detainees therein – and the particulars of Defendant's access (or lack thereof) to his own discovery.

## Conclusion

The government cites numerous cases for the notion that Defendant's pre trial confinement is not unconstitutionally excessive. Opposition at 4-6. Not one of these pre trial detainees suffered a pre trial period unnecessarily and intentionally prolonged by the government.

Respectfully submitted,

JEFFREY McKELLOP
By Counsel
_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on June 13, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga