## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-00268 (CJN)** |
| **v.** | : | |
| | : | |
| **JEFFREY McKELLOP,** | : | |
| | : | |
| **Defendant.** | : | |

### [PROPOSED] ORDER ESTABLISHING FILTER REVIEW PROTOCOL

On May 16, 2022, Special Agent Jeffrey Johannes of the Federal Bureau of Investigations (the "FBI") presented an affidavit in support of a search warrant for the jail cell, mail, and personal property of the defendant, Jeffrey McKellop.   United States Magistrate Judge Robin M. Meriweather authorized the government to execute the requested search, having found probable cause to believe (among other things) that the defendant violated the protective order in this case (ECF No. 27) by intentionally disseminating discovery materials that he knew were subject to a protective order, in violation of 18 U.S.C. § 401; and further that he provided other individuals his unique American Prison Data Systems login credentials so that they could access the contents of an evidence.com video repository without authorization to do so, in violation of 18 U.S.C. § 1030.

The warrant was executed the same day by three agents of the Federal Bureau of Investigations ("FBI") and a United States Attorney's Office investigator.   In recognition of the fact that documents seized would need to be filtered for attorney-client privilege and work product protection before any of the federal prosecutors, law enforcement agents, and staff conducting the investigation (the "prosecution team") could review them, no members of the prosecution team were present during execution of the warrant.   The executing agents packaged the documents and submitted them into evidence at the FBI.   On May 27, 2022, one of the executing agents caused a

search warrant return to be filed with the Court. The return generally categorized the nature of the seized documents as including:

- Jail mail
- Documents containing:
    - List of Body cam times
    - officer names
    - log on info
    - summons packet
    - Misc Notes
    - List of Sentences.

According to the government, based on a discussion with one of the executing agents, the FBI collected approximately 50-100 documents from the defendant's cell, and about 10-15 letters (incoming and outgoing) from his mail. The agent estimated the seized materials could be reviewed in totality within two to three hours.

The Court finds that a filter review team ("filter team") ought to be installed to prevent the unauthorized disclosure of any privileged or potentially privileged materials to the prosecution team, but disagree as to the composition of the filter team and procedures the filter team would follow ("filter protocol") to document, review, segregate, maintain, and disclose any privileged or potentially privileged materials. Upon consideration of the number and nature of documents recovered, the defendant's emergency motion for relief (ECF No. 73), filter protocol proposal (ECF No. 89), the government's filter protocol proposal and opposition to the defendant's proposal (ECF No. 98), the defendant's reply (ECF No. 94), and the arguments set forth by both parties at a hearing held June 10, 2022, and the entire record herein, the Court hereby ORDERS that the filter protocol below shall be followed in respect to materials seized pursuant to the aforementioned search warrant:

(a) <u>Filter Team Membership and Operation</u>**:**

    i.    ***Composition.***  Members of the filter team are not part of the prosecution team and never will be so in the future.  Filter team members may include, among others, Assistant U.S. Attorneys, other Department of Justice attorneys, federal agents, and support staff (including paralegals, analysts, and contractors). Filter team attorneys are responsible for managing the filter process.

    ii.    ***Required Knowledge.***  All filter team members shall generally be familiar with the legal elements of the attorney-client privilege, attorney work product doctrine, and related client-agent legal principles. A filter attorney will carefully review written instructions with filter agents and identify the materials to be reviewed.

    iii.    ***Decision-making.***  The filter team attorneys shall not delegate final decision-making authority to any non-attorney on the filter team.  This includes, to the extent required, final decision-making regarding the disclosure of materials to the prosecution team.

(b) <u>Filter Team Review General Procedures</u>:

    i.    ***General Non-Disclosure***.  The filter team shall not disclose the contents of any privileged or potentially privileged material to any member of the prosecution team.

    ii.    ***Identifying Privileged and Potentially Privileged Materials.***  The filter team shall identify all privileged and potentially privileged material. "Privileged" materials include attorney-client privileged communications and attorney work product information.  In all instances, in making the initial determination as to whether a document or item contains privileged material, the filter team shall err on the side of caution, treat any questionable item as potentially privileged material, and comply with these instructions.

    iii.    ***Documentation***. The filter team shall be responsible for documenting relevant actions and decisions of the filter team (e.g., in a log), including if applicable: a chain of custody for items being searched; a chain of custody for relevant material reviewed pursuant to the procedures set forth below; categorization of relevant material as described below; determinations by the court, if any; chain of custody of material and items returned to defense counsel, if any; the nature of the documents segregated; and the process by which privileged materials are stored, protected, and segregated. Documentation may be accomplished and streamlined through the use of a document database system such as Relativity.

The filter team will also keep a log of any privileged documents that are inadvertently viewed by members of the prosecution team. If a member of the prosecution team views a privileged document, the prosecution team will immediately notify the filter team. The filter team will then record: (a) the name of the prosecution team member who viewed the document or documents; and (b) the specific document or documents that were viewed.

iv. ***Consulting the Prosecution Team.*** During the review process, the filter team may rely on descriptions from the prosecution team concerning the facts of the investigation, the scope of the warrants, and any other matter, to assist in the filter team's determinations. However, members of the filter team shall not disclose the substance of any potentially privileged information to any member of the prosecution team.

v. ***Consulting Defense Counsel.*** Before engaging in any filter review, an attorney for filter team shall consult with counsel for the defendant to obtain any privilege-related terms (e.g., names of attorneys, law firms, secretaries, couriers, legal assistants, paralegals, and consulting experts retained by the attorney). Further, the filter team shall obtain descriptions from defense counsel of the nature of any documents that may have been prepared by or at the direction of counsel. During the review process, after consulting with the prosecution team and consistent with section (e)(vi)(1) below, the filter team may also confer with defense counsel about whether particular documents are subject to privilege or to seek any waivers of privilege.

(c) <u>Procedures for Segregating Seized Materials</u>:

i. ***Using Filter Search Terms and Protocols.*** The filter team will conduct a review of the seized items using privilege search terms and protocols designed to identify and segregate documents or data containing privileged and potentially privileged information. These search terms will include (1) any privilege-related terms provided by the prosecution team and/or counsel for the privilege holder (e.g., names of attorneys, law firms, secretaries, couriers, legal assistants, paralegals, and consulting experts retained by the attorney); and (2) any materials that appear to have been prepared by or at the direction of the privilege holder's attorneys, their staff or their agents in anticipation of any civil or criminal litigation in in which the privilege holder is or was involved. This search may be conducted manually, electronically (using search terms), or a combination.

(d) <u>Procedures for Storing and Providing Segregated Materials</u>:

i. ***Storing Privileged or Potentially Privileged Materials.*** Privileged or potentially privileged materials shall be sealed and labeled, locked, or otherwise maintained securely out of the realm of the prosecution team.

    ii.    ***Not Potentially Privileged.*** Documents or data that are identified by this review as not potentially privileged, including documents that do not contain the privilege search terms, may be released to the prosecution team consistent with the procedures set forth in section (e)(vii) below.

    iii.    ***Return to Filter Team***. If a member of the prosecution team otherwise reviews documents not previously determined to contain potentially privileged information, and assesses that such documents may be potentially privileged, the documents will then be provided to a filter team member and handled in accordance with the procedures described herein for potentially privileged material. Any such inadvertent review of privileged documents by the investigative team will be noted in the log described in section (b)(iii) (Documentation), above.

(e) <u>Continued Review of Privileged and Potentially Privileged Materials:</u>

    i.    The filter team may determine whether any of the privileged or potentially privileged material is potentially responsive to the search warrant. The filter team may further segregate and not disclose to the prosecution team any material that is not responsive to the search warrant.

    ii.    If the filter team determines after further review (for example with additional information, evidence, or change in circumstances) that materials under review are not privileged or not potentially privileged, those materials may be released to the prosecution team consistent with the procedures set forth in part vii below.

    iii.    For privileged and potentially privileged material, the filter team (at the direction of a filter team attorney) may segregate the material into three or more categories, including:

        1.    Category 1 - privileged and cannot be redacted;

        2.    Category 2 - privileged but can be redacted; and

        3.    Category 3 - potentially privileged (e.g., government has limited information relevant to the determination, an exception to privilege may apply, or a third-party is involved in the communication).

    iv.    For Category 1 material, the filter team shall not disclose the material to the prosecution team. Category 1 materials should be placed in a separate, sealed container identifying it as containing privileged material for return to the privilege-holder or counsel for the privilege-holder. The filter team shall not review the material further, except as necessary to confirm that the item is presumptively privileged.

v.   For Category 2 material, the filter team may redact privileged material and then undertake one of the options available for Category 3 material.

vi.   For Category 3 material, the filter team shall, after consultation with the prosecution team: (1) disclose the materials to any potential privilege holder or counsel therefor; request a privilege log if the potential privilege holder asserts privilege and disputes whether an exception or waiver applies; and seek a ruling from the court (under seal) regarding the material if the parties cannot reach agreement; (2) in cases where disclosure to the privilege holder or counsel could seriously undermine the government's investigation, apply *ex parte* and under seal to the court for a determination whether the material is privileged and/or whether any exception to or waiver of privilege exists; or (3) defer seeking court intervention and instead segregate the material in a manner that makes it inaccessible to the prosecution team. From the time of a disclosure by the filter team pursuant to (1) above, the potential privilege holder or counsel shall have one week to assert any privilege and provide the corresponding privilege log.  A failure by defense counsel to assert a privilege and provide the corresponding log within one week shall be deemed a waiver of the right to challenge the filter team's designation, and the filter team may release such material to the prosecution team without further order of this Court.

vii.   For materials the filter team designates as unambiguously not privileged or not potentially privileged, the filter team shall, after consultation with the prosecution team: (1) disclose a log of documents designated as non-privileged to counsel for the defendant, who will in turn have one week to challenge the release of the material and seek a ruling from the court regarding the material; (2) in cases where disclosure to counsel for the defendant could seriously undermine the government's investigation, apply *ex parte* and under seal to the court for a determination whether the material is non-privileged and may be released to the prosecution team; or (3) in cases of materials deemed by the filter team to be non-responsive to the warrant, defer seeking court intervention and instead segregate a copy of the materials in a manner that makes it inaccessible to the prosecution team and return the original materials to defense counsel. A failure by defense counsel to challenge the release of material for which a non-privilege log has been provided pursuant to (1) above shall be deemed a waiver of the right to challenge such release and the filter team may release such material to the prosecution team without further order of this Court.

So ORDERED this ___ day of July, 2022.

_____
HONORABLE CARL J. NICHOLS
United States District Judge