IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No. 21cr268 |
| | ) | Hon. Carl J. Nichols |
| JEFFREY McKELLOP, | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND MOTION FOR RECONSIDERATION OF PRE TRIAL RELEASE

Comes now Defendant Jeffrey McKellop, by counsel, and moves the Court pursuant to 18 U.S.C. Sec. 3142(i) to reconsider Defendant's pre-trial release.

The staff of the D.C. Jail, specifically the Central Treatment Facility ("CTF"), has consistently made it impossible for Defendant to review his discovery or the progress of his case and, consequently, to assist counsel in the preparation of his trial.

In late Sumer 2021, Defendant was removed from his cell without explanation and relieved of over 70 pages of legal documentation (pleadings, orders, notes… ).  Despite repeated requests, the documents were never returned.

During the Fall of 2021, jail staff seized from Defendant's cell during a professional meeting arranged by counsel, a hard drive of discovery provided by counsel.  Despite repeated requests by Defendant, it was never returned.

Following a legal visit last Spring, jail staff seized the viewing device provided by the jail for the review of discovery.  Consequently, Defendant could not thereafter review the replacement discovery hard drive provided by counsel (after three failed attempts to deliver same either personally or by mail).  Despite repeated requests, Defendant has not since had access to a viewing device.

1

The replacement hard drive was itself seized following Defendant's unjustified placement in solitary confinement last month (see Defendant's Second Emergency Motion for Relief of October 12, 2022, Doc. 119).  That hard drive was returned to Defendant last week – albeit he still lacks the means to view its contents.

Not one of the grievances by Defendant begat any relief.[1]

## ARGUMENT

Under 18 U.S.C. § 3142(i), "the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."   This section "provides a distinct mechanism for temporarily releasing a detained defendant, in a manner that has nothing to do with a revisiting of the initial detention determination." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020).

To be clear, CTF's activity preventing Defendant from reviewing the pertinent discovery does not give rise to a mere inconvenience.  *Cf. United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *7 (W.D. La. Jan. 18, 2013)(discussing attorney inconvenience).  No measure undertaken by undersigned to provide Defendant access to his discovery has succeeded.  (Undersigned has twice mailed discovery that was never delivered to Defendant [or returned] and once tried to deliver discovery to Defendant to have CTF staff refuse to accept it.  The only discovery to have been successfully sent by undersigned to Defendant has languished without a viewing device which was seized last Spring – and that discovery was itself seized following

---

[1] The attached grievances by Defendant to CTF staff constitute his most recent of many and comprise submissions of 26, 27, 29 and 31 Oct (twice) and 1 and 7 November, concerning the seizure/removal of "hard drive" and "disk drive," (containing discovery), "documentation," (to include pleadings, orders and notes on discovery) and "black tablet," (the jail issued viewing device by which Defendant accessed his digital discovery).

Defendant's consignment to solitary confinement last month, only to be returned last week while Defendant still lacks a means of viewing it.)

The net effect is that the staff of CTF has consistently prevented Defendant from viewing his discovery and following or contributing to the progress of his case. The jail staff's unflagging measures to this end only augur more of the same. *Cf. United States v. Hazelwood*, No. 1:10 CR 150, 2011 WL 680178, at *3 (N.D. Ohio Feb. 16, 2011)(motion denied because staff permitted correction center to use a computer to review documents). Only a release from confinement will enable Defendant meaningfully to assist in his own defense.

Aside from his unjustified consignment to solitary confinement, Defendant has incurred no disciplinary infractions during his more than one and a half years confined. He has no criminal record. His uncle, Harry McKellop of Marin County, California, stands ready to serve as his third-party custodian to assure his appearance as required by the Court.

    Respectfully submitted,

    JEFFREY McKELLOP
    By Counsel
    _____/s/_____
    John C. Kiyonaga

    600 Cameron Street
    Alexandria, Virginia 22314
    Telephone: (703) 739-0009
    Facsimile: (703) 340-1642
    E-mail: john@johnckiyonaga.com

    Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on November 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties
    _____/s/_____
    John C. Kiyonaga