UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-268 (CJN) |
| v. : | |
| : | |
| JEFFREY MCKELLOP, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR PRETRIAL RELEASE

The defendant, Jeffrey McKellop, is currently detained due to his dangerousness and seeks temporary release pursuant to 18 U.S.C. § 3142(i). ECF No. 125. Nothing has changed to reduce the danger the defendant poses, nor has the legal basis for this Court's earlier analysis of 18 U.S.C. § 3142(g) factors. The defendant fails to show that his release is necessary for the preparation of his defense or for any other compelling reason. Accordingly, the defendant's motion should be denied.

The defendant's chief argument for release is that he has limited opportunity to review his case-specific discovery via the electronic discovery program at the Central Detention Facility, even though the United States has provided substantial discovery to defense counsel, who may choose to meet with the defendant and review that information. The underlying reasons that the Court found the defendant to be a danger have not changed, and his complaints regarding access to discovery are the result of his inability or unwillingness to follow rules and orders governing that access.

## BACKGROUND

The government incorporates by reference here all previous filings, as well as any accompanying exhibits, regarding the defendant's detention, including: ECF No. 16

(Memorandum in Support of Pretrial Detention); ECF No. 18 (Opposition to the Defendant's Motion for Revocation or Review of Pretrial Detention Order); ECF No. 40 (Opposition to the Defendant's Motion to Revoke Detention Order and for Pretrial Release); ECF No. 91 (Opposition to the Defendant's Motion for Reconsideration of Pretrial Release); ECF No. 120 (Opposition to Defendant's Motion for Relief).

## LEGAL STANDARD

Section 3142(i) "provides a distinct mechanism for temporarily releasing a detained defendant, in a manner that has nothing to do with a revisiting of the initial detention determination." *United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020). However, the burden of justifying temporary release pursuant to § 3142(i) lies with the defendant. *Id.* Under subsection (i), a defendant otherwise subject to pretrial detention may be granted temporary release by showing both (1) that he would be released to "the custody of a United States marshal or another appropriate person," and (2) that the temporary release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see Lee*, 451 F. Supp. 3d at 5. The standard for an "appropriate person" under § 3142(i) is the same standard applicable to third-party custodians under § 3142(c)(1)(B)(i). *United States v. Thorne*, No. 1:18-cr-389 (BAH), 2020 WL 1984262, at *2 (D.D.C. Apr. 27, 2020). To determine whether temporary release is "necessary" or whether "another compelling reason" exists, courts "must be mindful of the factors set out in 18 U.S.C. § 3142(g)." *Id.* at *2.

Temporary release under § 3142(i) is granted only "sparingly" and in extraordinary circumstances, such as a where a defendant is "suffering from a terminal illness or serious injuries." *United States v. Lee*, 451 F. Supp. 3d 1, 5–6 (D.D.C. 2020) quoting *United States v. Hamilton*, No. 19-CR-54-01 (NGG), 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020).

## I. The § 3142(g) Factors Continue to Weigh in Favor of Detention

The defendant's motion is devoid of any new information that mitigates his dangerousness. It provides no analysis of the factors set out in 18 U.S.C. § 3142(g). Nothing has changed related to the nature and circumstances of the offense, including the *Chrestman* factors, since this Court found that these factors weighed in favor of a finding of dangerousness. ECF No. 19; *see also* Minute Entry October 25, 2021. The weight of the evidence also continues to disfavor the defendant's release, and he offers no new information to the contrary here. *See* ECF No. 125. On multiple dates, this Court found that the defendant's history and characteristics weighed in favor of his detention and has reaffirmed that prior determination repeatedly since the inception of this case. (ECF No. 19; *see also* Minute Entries for July 25, 2022; June 21, 2022; October 25, 2021; and April 5, 2021).

## II. Defendant Offers No Compelling Reason for Temporary Release

The defendant fails to offer any "compelling" reason for temporary release. His arguments lack merit and is a situation resulting from his own choices. Furthermore, the defendant, through counsel, has the ability to review significant amounts of discovery.

The defendant argues that he needs to be released from custody because the jail confiscated a hard drive containing discovery in the fall of 2021. ECF 125 at 1. Defense counsel acknowledges that the replacement hard drive has been returned to the Defendant. ECF 125 at 2.

The defendant also notes the seizure of documents from his cell in the summer of 2021. ECF 125 at 1. The government is unaware of any seizure of documents from the defendant's cell in the summer of 2021. In the event defense counsel refers to the seizure of documents in the summer of 2022, the documents were seized in connection with an ongoing investigation

stemming from evidence that the defendant violated 18 USC §§ 401 (Contempt) and 1030 (Computer Fraud) and are under review by a filter team. Upon completion of their review, the appropriate documents will be returned to defense counsel.

Finally, the defendant notes the seizure of his viewing device provided by the jail for the review of discovery. In November 2021, the defendant violated the rules governing his use of a discovery laptop while in DOC custody, resulting in the temporary revocation of access to discovery. As of March 2022, the defendant was given direct access to the jail instance of evidence.com. Due to the defendant's actions in violation of the protective order and the terms of use for the tablet on which he accessed evidence.com, that access was revoked. His attorney has continued to receive access to a separate application of evidence.com that has been made available to legal defense teams. Defense counsel retains the unlimited option to meet with the defendant in person and show him relevant videos and other evidence during that meeting. The defendant's own misconduct[1] is certainly not a "compelling reason" to trigger his release from custody to participate in the preparation of his defense. *United States v. Landro-Cartagen*, No. 1:19-CR-83-004, 2020 WL 1865671, at *1 (M.D. Pa. Apr. 14, 2020) (defendant's "institutional misconduct while he has been housed in custody awaiting trial [among other factors] caution[s] against his release" pursuant to § 3142(i)).

---

[1] While in pretrial detention, Department of Corrections staff determined that the defendant was engaged in repeated and escalating behavior, including unprovoked outbursts, that were directed towards visitors in his communal housing unit. *See* ECF No. 120 at 4-5.

## **CONCLUSION**

WHEREFORE, the Government respectfully requests that the Court deny defendant's motion for temporary pretrial release.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

        ***/s/ Shalin Nohria***
        Shalin Nohria
        Assistant United States Attorney
        D.C. Bar No. 1644392
        United States Attorney's Office
        601 D St. NW, 6.713
        Washington, D.C.
        Cell No. 202-344-5763
        shalin.nohria@usdoj.gov