UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-CR-268 (CJN)** |
| v. | : | |
| | : | |
| **JEFFREY MCKELLOP,** | : | |
| | : | |
| Defendant. | : | |

## MOTION TO MODIFY SECOND ORDER FOR COMPETENCY SCREENING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to modify the second order for competency screening.

On March 3, 2023, upon the request from defense counsel to order a psychological evaluation of the defendant, this Court ordered defendant to undergo a competency evaluation to be completed by the D.C. Department on Behavioral Health (DBH) at the D.C. Jail. The Court specifically ordered that (1) DBH conduct the competency evaluation no later than March 10, 2023; (2) DBH submit any report generated as a result of the screening by March 16, 2023; (3) the evaluation be conducted in person, absent a compelling reason otherwise, and (4) the government alert defense counsel of the date of the scheduled evaluation, at least two days prior to the examination.

In an effort to comply with this order, undersigned counsel contacted DBH immediately upon receipt of the order, and received the following information:

1

First, DBH indicated that they were completely "booked," *i.e.*, unavailable, to evaluate the defendant before March 10, 2023.[1] However, DBH had availability on March 14, 2023. Undersigned counsel requested that DBH "hold" that spot for the defendant. Therefore, the government moves to modify the Court's order to permit the competency evaluation to be completed by March 14, 2023. DBH represented that they can finalize and submit any report associated with the evaluation by March 17, 2023. Thus, despite the delayed evaluation, the Court will have the evaluation report in-hand only one day later than originally ordered. Undersigned counsel conferred with defense counsel, and they do not oppose this request.

Second, undersigned counsel conveyed to DBH the Court's order that the evaluation be conducted in person. DBH informed undersigned counsel that *all* evaluations are conducted by video, and have been for two years. In an effort to convey the perceived concern of the Court with an evaluation being conducted over video, undersigned counsel inquired as to the effectiveness of an evaluation by video. The DBH clinician represented that she has not experienced any issues with conducting such evaluations by video, it has been standard practice for two years for all defendants, and it has proven effective in all other cases. The clinician stated that the Court's order requiring an in person evaluation poses health concerns regarding the transmission of the covid-19 virus, as well as logistical concerns given the D.C. Jail and DBH have a standard procedure for conducting such evaluations by video only. Therefore, the government respectfully requests that

---

[1] Undersigned counsel represented to the Court, based on information gathered and conversations that took place when the first competency hearing was ordered, that a clinician at DBH was likely able to schedule the defendant for an evaluation within one week. Indeed, that was true after the Court's first order. Upon consulting with DBH after the March 3 hearing, however, undersigned counsel was informed that the clinician's schedule coincidentally was more full than the prior week. Undersigned counsel apologies for setting any unrealistic expectations but, as explained herein, no prejudice or undue delay will result from the slight delay in scheduling the examination.

the Court amend its order to permit the evaluation by video. Undersigned counsel conferred with defense counsel, and they do not oppose this request.

    Finally, counsel for both parties have conferred regarding scheduling of a hearing to discuss the competency evaluation and report. Counsel understands that the Court would like to review the report before scheduling a hearing. If appropriate, both parties have indicated their availability to be present in court on March 20 or March 21 at 11:30 a.m.

                                                                                           Respectfully submitted,

DATED: March 3, 2023                                    MATTHEW M. GRAVES
                                                                           United States Attorney
                                                                             D.C. Bar No. 481052

<u>By: /s/ Ashley Akers</u>
ASHLEY AKERS
MO Bar No. 69609
Trial Attorney, Detailee
601 D Street NW
Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov

Shalin Nohria
United States Attorney's Office
601 D Street NW
Suite Office 6.713
Washington, DC 20001
(202) 344-5763
Shalin.nohria@usdoj.gov

Brendan Ballou
DC Bar No. 241592
Special Counsel, detailed to the
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov