UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY MCKELLOP,<br><br>*Defendant.* | Criminal Action No. 1:21-cr-0268 (CJN) |

### ORDER

This matter is before the Court on Defendant's Motions, ECF Nos. 146, 148. Having found following a hearing and by a preponderance of the evidence that the defendant Jeffrey McKellop is mentally incompetent, the Court hereby **ORDERS** that a psychological examination be conducted according to 18 U.S.C. § 4241(d). Accordingly, it is

**ORDERED** that the defendant be committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d) for a period not to exceed one hundred twenty (120) days starting from the date of arrival in a suitable facility for a competency examination and—if the defendant is deemed to be incompetent—to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. The examination shall be conducted by a licensed or certified psychiatrist and/or psychologist, or more than one such examiner. A report shall be prepared by the examiner and shall be filed under seal with the Court with copies provided to counsel for the defendant and to the attorney for the Government. The report shall include:

(1) The defendant's history and any present mental-health systems relevant to his legal competency.

(2) A description of the psychiatric, psychological, and medical tests that were employed and their results;

1

(3) The examiner's findings;

(4) The examiner's opinions as to diagnosis and prognosis;

(5) Whether the defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); and

(6) "[W]hether there is a substantial probability than in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

It is further **ORDERED** that the United States Marshal shall transport the defendant to a designated facility for the examination(s). The Court recommends that the Fort Worth FCI serve as the designated facility.

It is further **ORDERED** that the time from April 17, 2023, to August 1, 2023, will be excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7) as the exclusion would serve the ends of justice and outweigh the interest of the public and of Mr. McKellop in a speedy trial.

It is further **ORDERED** that, pursuant to 18 U.S.C. § 3161(h)(1)(A), any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial will be excluded from the Speedy Trial Act. The Court requests that the United States Marshals Service makes every effort to transfer the defendant promptly and directly to and from the suitable facility, without intermediate stops or holdovers.

It is further **ORDERED** that thirty (30) days from the start of this Order and every thirty (30) days thereafter, the Government shall provide a status report addressing: (a) the status of the defendant's placement at a suitable facility for evaluation; and (b) his transportation to and from that facility by the United States Marshals Service.

DATE:  April 3, 2023

_____
CARL J. NICHOLS
United States District Judge

3