UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:21-CR-268 (CJN) |
| : | |
| JEFFREY MCKELLOP : | |
| : | |
| Defendant. : | |

## MOTION REGARDING DEFENSE COUNSEL'S MOTION TO WITHDRAW

The government respectfully files this motion regarding the defendant's motion on defense counsel's motion to withdraw, ECF No. 170. To the extent the defense motion to withdraw requires another continuance of the current trial date, the government strongly opposes as the delay would unduly prejudice the government's prosecution of the case and the public's right to a speedy trial.

The defendant was charged by criminal complaint on March 15, 2021, ECF No. 1, and he was arrested on March 18, 2021, Minute Entry (3/18/2021).

***First Counsel:*** On March 25, 2021, attorneys Seth Pertiz and Gregory Hunter entered their appearances as the defendant's first counsel. ECF No. 12. On April 5, 2021, counsel filed a motion to withdraw because the defendant "ha[d] decided to discontinue the services of his counsel." ECF No. 22.

***Second Counsel and First Trial Date:*** On April 9, 2021, attorney Catherine Henry and Katrina Young entered appearances on behalf of the defendant. ECF Nos. 23, 24. On November 24, 2021, the Court issued a scheduling order, setting trial for May 10, 2022. ECF No. 45. On January 13, 2022, counsel filed a motion to withdraw. ECF No. 47.

***Third Counsel and Second Trial Date:*** On January 13, 2022, attorney John Kiyonaga filed his notice of appearance. ECF No. 46. The Court continued trial to July 8, 2022. ECF No. 60.  On

June 23, 2022, the Court continued the trial to February 13, 2023. Minute Order (6/23/2022) (and later moved to February 14, 2023, ECF No. 115). On January 20, 2023, less than one month before trial, Mr. Kiyonaga moved to withdraw because he was "no longer able to meaningfully communicative with Defendant or, consequently, to collaborate with him in the ongoing preparation of his defense." ECF No. 142.

***Fourth Counsel and Third Trial Date:*** On February 2, 2023, attorney William Shipley and Phillip Linder filed notices of appearance. ECF Nos. 143, 144. The Court continued the trial to December 11, 2024. ECF No. 161. On November 22, 2023, less than one month before trial, the Court granted defense counsel's motion to withdraw. Minute Order (11/22/2023); *see* ECF No. 162.

***Fifth Counsel and Fourth Trial Date:*** On November 29, 2023, attorneys Michael Lawlor and Adam Demetriou filed notices of appearance. ECF Nos. 165, 167. On January 10, 2024, the Court continued the trial to May 13, 2024. Minute Order (1/10/2024). On March 29, 2024, a month and a half before trial, defense counsel moved to withdraw on the basis that the defendant "instructed the undersigned counsel to move to withdraw" and because an unidentified "conflict of interest" arose that "prevents the undersigned counsel from continuing to represent" the defendant. ECF No. 170. The defense does not provide any reason or detailed basis for the request.

A defendant's right to counsel, "must be carefully balanced against the public's interest in the orderly administration of justice." *United States v.* Turcios, 107 F.3d 924 (D.C. Cir. 1996). When a defendant's qualms about appointed counsel lack merit, are purely subjective, or are of his own making, they do not constitute "good cause." *See United States v. Wright,* 923 F.3d 183, 189 (D.C. Cir. 2019) ("Otherwise, the district court would be required to appoint an unending

2

parade of replacement counsel, no matter how uncooperative the defendant, or risk violating the Sixth Amendment.").

This defendant has been detained for more than three years pending trial. The government has repeatedly expressed its availability and right to proceed to trial. *See, e.g.*, *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.' . . . It is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act."); *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) (same); *Zedner v. United States*, 547 U.S. 489 (2006) ("[T]he [Speedy Trial] Act was also designed with the public interest firmly in mind."). The defendant has repeatedly maneuvered to have trial dates continued based upon issues of representation (namely, the defendant firing his attorneys), several times successfully. It appears that the latest motion to withdraw – yet again filed shortly before trial is set to commence – puts the latest trial date in jeopardy.

To the extent that granting the latest motion to withdraw requires yet another trial continuance, the government strongly opposes as the delay would unduly prejudice the government's prosecution of the case and the public's right to a speedy trial.

Respectfully submitted,

DATED: April 7, 2024

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Ashley Akers
Ashley Akers
MO Bar No. 69601
Trial Attorney
601 D Street NW

Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov

Brendan Ballou
DC Bar No. 241592
Special Counsel
United States Attorney's Office
601 D Street NW
Washington, DC 20001
(202) 431-8493
brendan.ballou-kelley@usdoj.gov

Shalin Nohria
United States Attorney's Office
601 D Street NW
Suite Office 6.713
Washington, DC 20001
(202) 344-5763
Shalin.nohria@usdoj.gov