UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:21-CR-268 (CJN) |
| : | |
| JEFFREY MCKELLOP, : | |
| : | |
| Defendant. : | |

## [PROPOSED] SCHEDULING ORDER

In accordance with the Court's direction, the government proposes the below scheduling order in this case. The parties were able to agree on most dates, though defense counsel has requested that the government produce notice of any Rule 404(b) evidence by October 31, 2024, and any Jencks material by January 6, 2025 (both are currently set for January 20, 2025). The government believes its proposed deadlines are consistent with previous orders from this Court.

Finally, in its July 16 hearing, the Court also indicated a desire to meet in one to two months. The parties are available to meet the week of August 16, or any other time as necessary to accommodate the Court.

|   |   |
|---|---|
|   | Respectfully submitted, |
| DATED: August 2, 2024 | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| By: | /s/ Brendan Ballou<br>Brendan Ballou<br>Special Counsel<br>DC Bar No. 241592<br>United States Attorney's Office<br>601 D Street NW<br>Washington, DC 20001<br>(202) 431-8493<br>brendan.ballou-kelley@usdoj.gov |

Ashley Akers
MO Bar No. 69609
Trial Attorney
601 D Street NW
Washington, DC 20001
(202) 353-0521
Ashley.Akers@usdoj.gov

Shalin Nohria
United States Attorney's Office
601 D Street NW
Suite Office 6.713
Washington, DC 20001
(202) 344-5763
Shalin.nohria@usdoj.gov

**[PROPOSED] SCHEDULING ORDER**

Trial is set to commence in this matter on **February 10, 2025**, at 9:00 a.m., in Courtroom 19. Jury selection will take place in the Ceremonial Courtroom. The following deadlines shall govern pretrial proceedings:

1. The Parties shall file their pretrial motions (including motions *in limine*), if any, on or before **November 25, 2024**; oppositions shall be filed on or before **December 9, 2024**; and replies shall be filed on or before **December 16, 2024**. The Parties shall also meet and confer by **December 16, 2024**, to discuss whether any issues presented by the pretrial motions can be resolved by agreement of the Parties.

2. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed on or before **January 20, 2025**.

3. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **January 20, 2025**. Any *Brady* material not already disclosed also must be disclosed by this date.

4. On or before **January 20, 2025**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>. The Parties shall include a neutral statement of the case for the court to read to prospective jurors.

    b. <u>Proposed *voir dire* questions</u>. The Parties shall indicate the *voir dire* questions on which they agree; and the *voir dire* questions on which they disagree with specific objections and relevant legal authority noted below

each disputed question.

c. <u>Proposed jury instructions</u>. The Parties shall submit a list of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. The Parties need not submit the full text of any standard jury instruction but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

d. <u>List of witnesses</u>. The Parties shall identify the witnesses that each side anticipates it may call in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

e. <u>Exhibit lists</u>. The Parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief. The Parties need not list any exhibit that might be used for purposes of impeachment. The Parties should confer with Courtroom Deputy Courtney Lesley about the format of the exhibit list. The Parties should not provide a copy of the exhibits to the Court but must exchange pre-marked exhibits. The Parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference. The objecting party shall bring three copies of any contested

                exhibit to the Pretrial Conference.

        f.        <u>Stipulations</u>. The Parties shall submit a draft of all stipulations.

        g.        <u>Proposed verdict form</u>. The Parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

5.        In addition to filing the Joint Pretrial Statement, on **January 20, 2025**, the Parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to the Courtroom Deputy Ms. Courtney Moore at courtney_moore@dcd.uscourts.gov.

6.        Counsel shall appear on **January 6, 2025**, at 2:00 p.m., in person for a hearing on any issues presented by the pretrial motions filed pursuant to paragraph 1.

7.        In addition, counsel shall appear on **January 27, 2025**, at 1:00 p.m., for a Pretrial Conference in Courtroom 19.

Date:                                                                     _____
                                                                             CARL J. NICHOLS
                                                                              United States District Judge