TRULINCS 35220509 - MCKELLOP, JEFFREY - Unit: FTW-J-A

---

FROM: 35220509
TO:
SUBJECT: Motion to Compel
DATE: 10/10/2024 08:26:30 PM

*[Signature]*

Granting leave to file
12/5/2024

**RECEIVED Mail Room**
OCT 21 2024
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

---

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA

v.                                                                   Case No. 1:21-CR-268

JEFFREY MCKELLOP

---

MOTION TO COMPEL PRODUCTION

---

Due to ineffective assistance of counsel that has failed to raise and build upon the defenses of Entrapment and Entrapment-by-Estoppel, Defendant Jeffrey McKellop, pro se, files this Motion to Compel

certain videos, identities of individuals in certain videos, and identities of undercover government agents and cooperating confidential informants to develop his defense of entrapment, and, in furtherance thereof, details the following:

Video 0180

1. Defendant moves this Court to compel the prosecution to produce Video 0180 to build upon his entrapment defense. In furtherance thereof, Defendant moves this Court to compel the prosecution to identify the individuals in the video. In particular, an unidentified officer is seen leaving flex cuffs on the floor. It is Defendant's position these flex cuffs were intentionally left on the floor to exacerbate the situation. Additionally, Defendant moves this Court to compel the prosecution to identify the individual who zip-tied the door. Defendant's position is that officers permitted this individual to zip-tie the door to exacerbate the situation. Lastly, Defendant moves this Court to compel the prosecution to identify all other individuals in this video, but this particular request, if too burdensome, may be disregarded and deemed severable from the first two identity requests that are critical to the defense of entrapment.

Video 0725

2. Defendant moves this Court to compel the prosecution to produce Video 0725 to build upon his entrapment defense. In furtherance thereof, Defendant moves this Court to compel the prosecution to identify all individuals in this video. In particular, the name(s) of the officer(s) operating the camera and all other personnel in the Control Room, including, but not limited to, the individual who authorized the electronic opening of the door. Defendant's position is that someone in the Control Room took a command from a civilian to open the door, which evidences coordination between law enforcement and undercover agents in the crowd seeking to exacerbate the situation.

Firearm Acquired by Captain Bagshaw

3. In the body camera video footage of Captain Bagshaw, Bagshaw is seen picking up a firearm from the floor. Shortly thereafter, he hands the gun to an unknown individual. First, Defendant moves this Court to compel the prosecution to identify the individual to whom Bagshaw handed the firearm. Second, Defendant moves this Court to compel the prosecution to provide the serial number of the firearm. Third, Defendant moves this Court to compel the prosecution to identify the owner of the firearm. Defendant contends that this loaded firearm was purposefully placed on the floor by government agents with the hope that one of the demonstrators would pick it up and discharge the firearm thereby exacerbating the situation. This event, coupled with other events designed to agitate and instigate violence by agents of the government, would constitute outrageous government conduct designed to intensify the situation thereby constituting entrapment. As such, this information is relevant to Defendant's defense.

Mass Entrapment Theory

4. This is the first set of motions to compel and subpoenas that Defendant intends to utilize to establish outrageous government

----------

conduct that included utilizing federal agents and cooperating informants to agitate, instigate, and motivate the crowds into civil disorder. Defendant is pursuing the unique defense of what can most aptly be characterized as "mass entrapment." This form of entrapment has not yet been recognized by the federal judiciary, but Defendant is confident the government's use of undercover agents and cooperating confidential informants rises to the level of outrageous government conduct designed to entrap everyone who lawfully entered onto Capitol Grounds that day.

### Identities of Undercover Agents and Cooperating Confidential Informants

5. Defendant further motions this court to compel the prosecution to identify all employees of the federal government, employees of private companies in a contractual relationship with the federal government, and cooperating informants who were physically present on Capitol grounds on January 6, 2021, in direct or indirect coordination with employees or agents (including employees of private companies) of the federal government to infiltrate, monitor, neutralize, observe, obstruct, oversee, participate, report, supervise, etc., with regard to the political events scheduled for January 6, 2021.

### Entrapment-by-Estoppel via Executive Authority

6. To the charges of unlawful presence on restricted Capitol Grounds, Defendant asserts the defense of entrapment-by-estoppel in that he had executive approval from the President of the United States to be physically present on Capitol grounds. As such, Defendant reasonably believed that his presence on Capitol grounds was lawful. In fact, Defendant maintains that he not only reasonably believed his presence was lawful but that his presence was, in fact, lawful. The prosecution cannot reasonably argue that the President of the United States, the Executive Commander-in-Chief of the United States, lacks the authority to grant permission to a private citizen to be physically present on Capitol grounds.

### Self-Defense

7. Defendant had the right to resist the unlawful denial of and interference with his executive-granted right to be physically present on Capitol grounds by officers of the DC Metropolitan Police Department. Defendant also had the right to exercise self-defense of third persons whose rights were also being unlawfully denied and interfered with despite an executive-granted right to be physically present on Capitol grounds.

### Captain Augustine's Fraudulent Claims of Severe Distress and Injury

9. Defendant moves this Court to compel the production of Captain Augustine's medical records evidencing post traumatic stress disorder and strike fear. These alleged victim impacts will be used to upwardly adjust Defendant's offense level, so it is relevant. Moreover, it is Defendant's position that Captain Augustine's claims are frivolous, exaggerated, without merit, and tantamount to perjury and fraud upon the court. Defendant seeks to impeach the testimony of Captain Augustine, and Captain Augustine's fraudulent claims of severe injury and mental distress will impeach his credibility.

10. Lastly, Defendant understand the D.C. Circuit has applied the Anti-Hybrid Representation Rule to reject pro se filings submitted by a defendant represented by counsel. However, no circuit has addressed a scenario wherein a defendant, in said pro se filing, expressly alerts the court to the ineffectiveness of his counsel with said ineffectiveness serving as the basis for the filing. It is Defendant's position that this unique situation should be judicially recognized as an exception to the general Anti-Hybrid Representation Rule. This is not a situation where the defendant has effective counsel and is attempting to serve as co-counsel. In this case, Defendant effectively has no counsel and is seeking to build his own defense.

Based on the foregoing, Defendant requests this Court to grant these motions to compel to permit Defendant to begin building his entrapment defense in preparation for trial. Defendant fully intends on going to trial and proving mass entrapment. Defendant fully expects the Federal Bureau of Investigation to raise defenses of national security and other grounds for refusing to provide details of undercover agents and cooperating confidential informants, which will only serve to prove the government's involvement in agitating, instigating, and motivating the crowd into violence. Defendant intends to appeal any unfavorable evidentiary rulings to the United States Supreme Court, which is certain to accept the case to establish new landmark case law on Defendant's defense theory of mass entrapment.

Filed,

Jeffrey McKellop
Defendant, Pro Se