TRULINCS 35220509 - MCKELLOP, JEFFREY - Unit: FTW-J-A

RECEIVED Mail Room
OCT 23 2024

---

FROM: 35220509
TO:
SUBJECT: Motion to Dismiss Certain Indictment Counts
DATE: 10/16/2024 10:36:28 AM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

1:21-cr-00268-CJN

UNITED STATES OF AMERICA
v.
JEFFREY McKELLOP

Case No. 1:12-CR-00268

## MOTION TO DISMISS CERTAIN INDICTMENT COUNTS

Due to ineffective assistance of counsel, Defendant Jeffrey McKellop files this Motion to Dismiss Certain Indictment Counts, pro se, and, in support thereof, shows the following:

I. COUNTS ONE, THREE, and FOUR: AFFIRMATIVE DEFENSE of SELF-DEFENSE and ENTRAPMENT

Self-defense of one's self and third persons may be raised when an accused responds to unauthorized and unprovoked physical assault by an agent of the government. See U.S. v. Grimes, 413 F.2d 1376 (7th Cir. 1969). This applies to unnecessary force in making an arrest. See U.S. v. Vigil, 431 F.2d 1037 (10th Cir. 1970). In Defendant's case, body camera footage shows Defendant standing motionless. He is targeted by officers of the Metropolitan Police Department for his mere presence. After that, he is chemically assaulted and defends himself.

In essence, this is also a form of entrapment. Defendant had received not only permission but specific instruction from the Chief Executive, Commander-in-Chief, and President of the United States to "march on the Capitol." Therefore, the Metropolitan Police Department had no authorization to deny Defendant access to Capitol grounds. But for the government agent's unprovoked and unlawful interference with Defendant, Defendant would not have engaged in physical contact with the agent. The body camera footage clearly shows that Defendant was peaceful until the unprovoked attack occurred.

In another instance, Defendant intercedes on behalf of a woman being physically punched full-force by a male officer. Defendant reasonably believed that the officer's use of force was unauthorized, unprovoked, and unnecessary.

II. COUNT TWO: LACK of SPECIFICITY

Defendant moves to dismiss Count Two for lack of specificity per Rule 12(b)(3)(B)(iii). 18 U.S.C. 111(a)(1) requires a charge to specify a particular officer, but Count Two fails to do so.

III. COUNT FIVE: FAILURE to STATE NECESSARY ELEMENT of OFFENSE

Defendant is accused of striking Augustine with a flagpole made of compressed wood that has a smooth, polished ball on the top. Although any object is capable of causing minor injury, this particular style of flagpole is wholly incapable of causing great bodily injury to the degree that would warrant it being classified as "dangerous."

Circuits across the country have made it clear that the object must be capable of causing great bodily injury. See U.S. v. Bey, 667 F.2d 7 (5th Cir. 1982); also see U.S. v. Anchrum, 590 F.3d 795 (9th Cir. 2010); U.S. v. Barber, 297 F.Supp. 917 (D. Del. 1969). However, Defendant is aware that some circuits have improperly declared that any object that can cause any degree of injury, apparently including minor injuries, is sufficient to qualify as a "dangerous weapon." See U.S. v. Loman, 551 F.2d 164 (7th Cir. 1977) (finding a walking stick to be a deadly weapon); U.S. v. Johnson, 324 F.2d 264 (4th Cir. 1963). It is Defendant's position this amounts to a circuit split necessitating the intervention of the U.S. Supreme Court to clarify what degree of injury an object must be found to be capable of sustaining to determine whether it qualifies as a "dangerous" weapon that can inflict "great bodily harm."

Augustine's own body camera reveals he viewed the scratch on his face as minor and insignificant during boastful discussions in the restroom with other officers using phrases to describe the scratch like "looks cool" and "sh*t happens" while refusing medical treatment. Because it was so minor, he did not even bother putting on a bandage.

---

IV. COUNT SIX: MULTIPLICITY

Defendant moves to dismiss Count Six for multiplicity per Rule 12(b)(3)(B)(ii) as it is the same offense as Count Five. Defendant incorporates all of the arguments above herein by reference.

V. COUNT SEVEN: AFFIRMATIVE DEFENSE of ENTRAPMENT-by-ESTOPPEL.

Defendant had executive permission from the then-President of the United States to be physically present on Capitol grounds when he was ordered to "march on the Capitol." As such, Defendant cannot be said to have engaged in civil disorder. The disorder only arose once the Metropolitan Police Department unlawfully interfered with a lawful assembly authorized with the executive power of the President of the United States.

VI. COUNTS EIGHT and NINE: AFFIRMATIVE DEFENSES of SELF-DEFENSE OF THIRD PERSONS, ENTRAPMENT, and ENTRAPMENT-by-ESTOPPEL

Defendant incorporates the same arguments made in Sections I and V.

VII. COUNTS TEN, ELEVEN, and TWELVE

Defendant incorporates all prior arguments herein, including, but not limited to, Self Defense, Self-Defense of Third Persons, Entrapment, and Entrapment-by-Estoppel.

In U.S. v. Rivera, the U.S. Court of Appeals for the D.C. Circuit upheld convictions of similar charges on the grounds that the defendant in that case assisted the breach of the Capitol, shouted for a violent revolution, intended to disrupt a Congressional hearing, exited the Capitol through a broken window, and told others he had "a good time." See U.S. v. Rivera, No. 22-3088 (D.C. Cir. 2023).

In U.S. v. Alford, the D.C. Circuit upheld convictions of similar charges on the grounds that the defendant in that case joined the violent groups in the crowd, opened Capitol doors, and physically went into the Capitol.

In this case, Defendant never entered the Capitol. In fact, Defendant purposefully avoided entering the Capitol. Defendant arrived to peacefully "march on Capitol" based on the executive approval and directive he received from the President of the United States. Defendant was peacefully standing, watching the events unfold without participating, when he was suddenly approached and chemically assaulted by an out-of-control officer, Augustine, who provoked Defendant to defend himself.

VIII. CONCLUSION

Defendant reminds this Court that he voluntarily surrendered. He patriotically served this nation with distinction; always exhibiting his civilized ability to defend this country when needed but to also return home peacefully as a loving father and husband to his family. Defendant is a law-abiding citizen who peacefully assembled that day and never did anything without legal authority to do so. Defendant was authorized by the President of the United States to "march on the Capitol" and did so believing his conduct was lawful. Defendant's military training and experience left him in disbelief at the unreadiness of the Metropolitan Police Department who began indiscriminately gassing and assaulting peaceful Americans who were called to peacefully march on the Capitol by the President of the United States.

Based on the foregoing, Defendant moves to dismiss all counts.

Filed,

Jeffrey McKellop
Defendant, Pro Se