**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO. 1:21-CR-00268-CJN-1** |
| | § | |
| **JEFFREY McKELLOP (1)** | § | |

**DEFENDANT'S MOTION TO QUASH INDICTMENT COUNTS FOR LACK OF JURISDICTION OR DISMISS THE SAME, AS MPD OFFICERS ARE NOT FEDERAL OFFICERS OR AGENTS**

Comes now counsel for Defendant JEFFREY McKELLOP in this case and moves this Court to quash the Indictment regarding assaults of supposed federal officers as the officers involved are not "federal agents" or the equivalent, and the Counts allege that the assaults were on federal officers / agents. Additionally, the Defendant moves to quash or dismiss the Civil Disorder allegation, as for the reasons stated herein, the alleged victim officers were not performing a federal function. In support thereof, the Defendant would show the Court the following:

## I. ASSAULT CHARGES

McKELLOP is charged with various charges of Assault and Assault with a Dangerous Weapon. To be guilty of the federal crime of assault under 18 U.S.C. §111(a) and (b) as charged, the government has to show that the Metropolitan Police Department (MPD) officers were lawfully conducting their official duties while on the U.S. Capitol grounds and had to qualify as federal officers under 18 U.S.C. §1114.

Counts 1, 2, 3, 4, 5, and 6 allege Assault, Resisting, or Impeding Certain Officers, or Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, pursuant to 18 U.S.C. §111.

Additionally, Count 7 alleges Civil Disorder, that is, to obstruct, impede, and interfere with MPD officers…that adversely affected the conduct and performance of a federally protected function.

## II. CAPITOL POLICE BOARD REQUEST REQUIRED

2 U.S.C. addresses the U.S. Capitol Police (USCP), and §1961 that states the USCP Board must request all external police support for the requested police to have policing authority.

### Metropolitan Police Department Officers

The law enforcement officer must have been legally conducting official duties. Fourteenth Amendment and 42 U.S.C. §1983. In the case of the MPD, their execution of duties outside of the U.S. Capitol and its grounds requires a decision and request for assistance by the U.S. Capitol Police Board.

> "The Metropolitan Police force of the District of Columbia are authorized to make arrests within the United States Capitol Buildings and Grounds for any violation of any such laws or regulations, but such authority shall not be construed as authorizing the Metropolitan Police force, **except with the consent or upon the request of the Capitol Police Board**, to enter such buildings to make arrests in response to complaints or to serve warrants or to patrol the United States Capitol Buildings and Grounds (bold added).
>
> 2 U.S.C. §1961

## III. DISCUSSION AND ARGUMENT

The D.C. Metropolitan Police Department (MPD) does not fall under U.S. executive departments or agencies, and its members are not federal officers. The MPD is not a United States agency.

18 U.S.C. §1114 identifies the persons in §111, *Protection of officers and employees of the United States,*

> (a) IN GENERAL. Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance, shall be punished…

From *U.S. v. William Washington*, U.S. Court of Appeals, Document No. 21-3299 filed August 24, 2023, a person supporting an agency is not sufficient for finding the person was a U.S. Officer.

The Court referenced "*United States v. Grant*, 979 F.3d 1141, 1143 (6th Cir. 2020) (Deputy U.S. Marshal testified victim was assisting him in performing official duty of detaining federal prisoner before sentencing)." The Court held that without a record of the asserted victims assisting a specific U.S. federal officer performing official duties, they were not Section 1114 officers or assisters.

The alleged victim of an assaulted must be a United States or federal officer engaged in official duties, or a person specifically assisting a specific U.S. officer. USCP officers are United States officers. The D.C. MPD are not United States officers, nor does it have jurisdictional authority on the U.S. Capitol grounds / the U.S. Capitol building.

Because MPD Officers were not federal officers, and they had no legal policing jurisdiction or authority on the U.S. Capitol grounds on January 6, 2021, they cannot be assault victims under 18 U.S.C. §111. Nor were they performing a federal function.

Mr. McKELLOP did not voluntarily commit an assault on a federal officer or agent, and therefore, the Court should quash the aforementioned Indictment counts or dismiss the same.

Respectfully submitted,

/s/ *John Teakell*
John R. Teakell
Law Office of John R. Teakell
2911 Turtle Creek Blvd.
Suite 300
Dallas, Texas 75219
Tele: (214) 523-9076
Fax: (214) 523-9077

**CERTIFICATE OF CONFERENCE**

I, John Teakell, hereby certify that I have conferred with Assistant U.S. Attorney Ashley Akers, and she opposes this motion.

/s/ *John Teakell*
John Teakell

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing motion to quash Indictment counts or dismiss the same, has been served on December 10, 2024 on counsel of record via electronic filing.

/s/ *John Teakell*
John Teakell