UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:21-CR-00268-CJN-1 |
| | § | |
| JEFFREY McKELLOP (1) | § | |

**DEFENDANT'S MOTION IN LIMINE
REGARDING DEFENDANT McKELLOP
<u>BELONGING TO A GROUP OR GANG AFFILATION</u>**

Comes now counsel for Defendant JEFFREY McKELLOP in this case and moves this Court to preclude evidence, either in the form of testimony or otherwise, alleging that Defendant McKELLOP was part of an alleged group of persons who intended to break into the U.S. Capitol and/or cause violence and destruction. In support thereof, the Defendant would show the Court the following:

I.

Extrinsic evidence of other crimes, wrongs, acts is inherently prejudicial to the defendant. *United States v. Beechum,* 582 F.2d 898, 910 (5th Cir. 1978) (en banc). "One of the dangers inherent in the admission of extrinsic offense evidence is that the jury may convict the defendant not for the offense charged but for extrinsic evidence." *Id.* at 914. Additionally, extrinsic evidence "may lead [the jury] to conclude that, having committed a crime of the type charged, [the defendant] is likely to repeat it." *Id.* (quotation marks omitted). Either inference may be detrimental to the long-standing rule that propensity to commit crimes should not be the basis of a conviction.

II.

On January 6, 2021, the activities that occurred at and near the U.S. Capitol revealed that some "groups," associations, clubs, or gangs, as these have been called, were involved in the protests and activities.  Such groups, e.g., "The Proud Boys," have been identified as a group that had members present, and such groups have been depicted as not only perpetuating chaos and violence, but also as groups that advocated an "insurrection."

III.

Regardless of whether such groups had members who intended such harm, the fact that other persons in the area, including defendants such as McKELLOP, have, or may have, also been wrongfully tabbed as a person who is of such nature and who, due to some probable affiliation with such a group, is guilty of some sort of activity on January 6, 2021.

IV.

McKELLOP was not, and is not, part of such a group, club, or gang. McKELLOP only knew very few persons who were at or near the U.S. Capitol that day.

V.

Use of such evidence will automatically taint McKELLOP as a violent person who planned to cause chaos and harm, even though he had and has no group affiliation.

Accordingly, the Defendant requests that the government not mention or refer to, directly or indirectly, in the presence of the jury any groups, as such will taint McKELLOP as guilty by an alleged association.

Respectfully submitted,

/s/ *John Teakell*
John R. Teakell
Law Office of John R. Teakell
2911 Turtle Creek Blvd.
Suite 300
Dallas, Texas 75219
Tele:   (214) 523-9076
Fax:    (214) 523-9077
jteakell@teakelllaw.com

**CERTIFICATE OF CONFERENCE**

I, John Teakell, hereby certify that I have conferred with Assistant U.S. Attorney Ashley Akers, and she will address this motion in writing.

/s/ *John Teakell*
John Teakell

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that true and correct copies of the foregoing motion in limine regarding group affiliation has been served on December 10, 2024 on counsel of record via electronic filing.

/s/ *John Teakell*
John Teakell

3