# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-CR-268 (CJN)** |
| | ) | |
| | ) | |
| **JEFFREY MCKELLOP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION FOR ORDER THAT TRANSFER OF DISCOVERY MATERIALS TO HIS ATTORNEY SHOULD OCCUR

Defendant Jeffrey McKellop, by and through his undersigned attorney, respectfully submits this Motion and moves the Court pursuant to Fed. R. Crim. P. Rule 16 and the related Protective Order at ECF No. 27 to issue an Order that clarifies that the parties may release his case discovery to the undersigned because in accordance with the Protective Order the discovery is directly related to an ongoing January 6, 2021, case in the D.C. Superior Court. The Government has not responded to numerous emails and attempts to ascertain its position, lend support in providing its holdings, or agreeing that Mr. McKellop's former attorneys may transfer the case materials. He supports his request as follows:

### BACKGROUND

This case was dismissed with prejudice and closed in January 2025. One of the accusers in this case, Metropolitan Police Department, D.C. (MPD) Captain David Augustine, who adopted the government's claim that he was a U.S. or Federal Officer for purposes of 18 U.S.C. 111(a) charges in the Superseding Indictment at ECF No. 43 (and in his testimony in other cases in this District) brought a civil suit on January 6, 2022, under D.C. law in the D.C.

Superior Court against Mr. McKellop for assault and battery.

This Motion is solely about releasing Mr. McKellop's previously provided discovery to the undersigned, and having the parties provide it. The undersigned has been party to numerous protective orders for January 6th cases and understands the required protections and allowable uses.

While the Protective Order should be read as authorizing release and transfer to Mr. McKellop's current defense attorney, none of the numerous DOJ contacts have responded to requests. For the government as a party: Ms. Blackwell retired, and the contacts listed in her out of office message, along with other AUSAs listed for this case have not responded to any of the multiple emails from the undersigned. For the Defense legal parties: One of Mr. McKellop's initial counsel no longer works for the federal public defender office, and the other initial counsel does not feel comfortable interpreting the Protective Order as allowing transfer. One of Mr. McKellop's former counsels kept none of the case file discovery, and one of his former counsels from later in the case agreed to look for what little discovery may have been transferred to him.

Mr. McKellop's paper copy of any discovery that he received while imprisoned was taken by his jailors over the course of his lengthy incarceration in two facilities. As to current availability, former counsel Ms. Young said she has discovery material but is unclear whether the Protective Order allows her to provide anything. Former counsel Mr. Kiyonaga wrote to the Court in ECF No. 52 that the D.C. jail confiscated all of Mr. McKellop's discovery and recently wrote to the undersigned that he did not retain the digital files or any paper copy of Mr. McKellop's discovery.

Although the undersigned has a USAfx account (where the government transfers

discovery), she was not previously on the case and not privy to Mr. McKellop's files. Regardless, all USAfx folders with files for January 6th defendants were emptied 60 days after government upload by policy. What prior discovery files any follow-on counsel after Mr. Kiyonaga would have received depends upon what he transferred to them. Therefore, with this Court's Order, Ms. Young and Mr. Teakell can provide their discovery files to the undersigned, the government can reload the files in USAfx from its archives and case file used by the AUSAs while providing case-access permission to the undersigned; and the undersigned can then support government and court efficiency by assessing what subpoenas or Touhy requests are required for the DOJ or USCP (none of whom are party to the civil suit).

The discovery is highly applicable to the Plaintiff's civil claims where without documentation he claims severe and permanent physical injuries, permanent disability, great pain and suffering, pre-impact fright, and severe mental anguish and emotional distress because at some point on January 6, 2021, he incurred an injury that resulted in a swollen cheek for some period afterwards. Captain Augustine, after alleging he was a federal officer in this case and who remains on full duty with medical coverage and worker's compensation coverage - without any documentation of lost wages or that he or his employer incurred any expenses - claims to have ongoing substantial medical and related expenses, transportation costs, lost wages, and permanent impairment of earning capacity and recreational activities from his alleged assault. He is claiming $500,00 compensatory damages, plus interest. Because of this, a defense that includes subsequent filings for a motion in progress to dismiss the case, and detailed, focused discovery requests in the interim is necessary.

## DISCUSSION OF THE ISSUE

The Protective Order states that the material can be provided to the "defense team." It further provides the definitions that the legal defense team "includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel *in connection with* this case." ECF No. 27 at 2 (Emphasis added). It is not a long reach to determine that the civil case is *connected to* this case because it is the very same alleged "victim" for the very same claims.

The Protective Order further states:

> **Limitations on Use**. Defendant and the legal defense team may use Sensitive and Highly Sensitive discovery materials solely in connection with the defense of this case *and any other case connected to the events at the United States Capitol on January 6, 2021,* including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

ECF No. 27 at 2 (Emphasis added).

The question is whether the above restrictions require this Court's order for transfer and release of the discovery to the undersigned. She has entered this case as part of the "legal defense team" to even enter this Motion, but more importantly already entered another case *connected to the events at the U.S. capitol on January 6, 2021*. See D.C. Superior Court 2022 CA 000035 B. The discovery material is required for another "*case connected to the events at the United States Capitol on January 6, 2021*." Because there is no position by the DOJ or agreement among the parties, the undersigned requests that this Court issue the proposed Order.

As further justification, the material is key to countering the claims and defending Mr. McKellop for the same January 6, 2021, allegation made by the DOJ and Captain Augustine in this case. Mr. McKellop requires the documents previously provided in discovery in this case

4

that either Captain Augustine does not have or has deliberately not provided in initial discovery in the D.C. civil case. Discovery letters and status' at ECFs 32, 34, 42, and 48 in this case show that many documents and pictures were included, although the actual contents are not necessarily clear by the titles provided. These discovery documents should have included FBI interviews of Captain Augustine; Jencks material, case-related grand jury testimony; Augustine's "use of force" and injury reports filed with (and investigated by) the MPD; and the results of or lack of excessive force investigation under MPD and U.S. Capitol Police (USCP) regulations. The lack of such documents or the contents thereof may be dispositive of the outcome for the Defense. In any event, their provision is allowable because of the language of the Protective Order and the support to judicial efficiency.

And while a subpoena to the MPD may provide some information from MPD records that Captain Augustine has not provided, his claims made to the USCP, the DOJ, and the FBI will not be in the MPD records. The DOJ and potentially one of the former defense attorneys already has the material. The request should be supported because requiring the time and resources of the D.C. court and Defendant's service process with required filings to subpoena the U.S. Government for what it was already required to maintain in its holdings and provide to Mr. McKellop runs counter to judicial efficiency and the interests of justice.

While the Defense has gathered the video evidence required to discount the incredulous claims by Captain Augustine, Mr. McKellop's paper copy of any discovery he received from his attorneys while imprisoned was taken by both the U.S. Marshals and his jailors. To counter the claims and defend himself, Mr. McKellop requires the documents and pictures previously provided in discovery for this case. The documents and the contents thereof, combined with the already acquired video of Captain Augustine's excessive use of force and multiple protestors'

attempts to defend themselves from his random, vicious attacks will likely prove dispositive.

## CONCLUSION

The previously provided discovery is required because Captain Augustine's claims (or the lack thereof), made in Form 302 documents that would have been marked sensitive, case testimony by Augustine or the FBI, medical records provided (or not) to the federal government; and claims made to the USCP and FBI investigations will not be in the MPD records. It is in the interests of justice to allow Mr. McKellop to use the prior discovery that he was previously entitled to retain or view but was taken by his jailers. The discovery is required to support his current defense that is a January 6, 2021, case 100% related to events at the U.S. Capitol. The use of the discovery in the civil case will narrow down what remains missing from Captain Augustine's provision of discovery. This will support judicial efficiency by reducing time and resource costs for the D.C. court. This will ensure the case is not further delayed by trying to reinvent the discovery wheel in offices at multiple federal agencies with reassignments since the January 20, 2025, Presidential Pardon and end of January 6th criminal prosecutions. It is in the interests of justice that Mr. McKellop be provided the materials he was previously entitled to, but the government took from him n=because he requires those for his defense against Captain Augustine's highly questionable if not specious claims.

WHEREFORE, because of the good cause shown above and the language of the Protective Order, the Court should issue the proposed Order that allows for the re-provision of Mr. McKellop's discovery in this case, and that his former attorneys and the government should provide it to the undersigned.

Dated: July 28, 2025                        Respectfully Submitted,

                                            /s/ Carolyn A. Stewart
                                            Carolyn Stewart, Esq. DC Bar# FL
                                            0098 Stewart Country Law PA
                                            1204 Swilley
                                            Rd. Plant City,
                                            FL 33567 813-
                                            659-5178
                                            Carolstewart_esq@protonmail.com
                                            Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of JULY 2025, a copy of the foregoing was

served upon all parties of record as forwarded through the Electronic Case Filing (ECF)

System.

                                            /s/ Carolyn Stewart
                                            Carolyn Stewart, Defense Attorney