UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>JEFFREY MCKELLOP, )<br>)<br>Defendant. ) | Case No. 1:21-CR-268 (CJN) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER THAT TRANSFER OF DISCOVERY MATERIALS TO HIS ATTORNEY SHOULD OCCUR**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Opposition to defendant Jeffrey McKellop's "Motion for Order that Transfer of Discovery Materials to his Attorney Should Occur." [ECF No. 194]. In support of his request thereof, defendant argues that the protective order governing his now dismissed criminal case [ECF No 27] permits this Court to "direct Mr. McKellop's former defense counsels should transfer to his new defense counsel this case's discovery from their case files." [ECF No. 194, Def. Mot. at 4]. Defendant further asks that this Court order "the Government should take the measures necessary and available to search its files for this case and repopulate its USAfx data base with permissions necessary so that Mr. McKellop's present counsel may download the discovery materials." *See*, Def. Proposed Order. As discussed herein, defendant has not shown that he is entitled to reproduction of his criminal discovery materials in a closed case for purposes of his ongoing civil litigation. Therefore, the Court should summarily deny his Motion.

**BACKGROUND**

Defendant's criminal case was dismissed with prejudice and closed in January 2025. The defendant has no pending matters before this Court. Rather, the only matter that is ongoing is a

civil case in the Superior Court for the District of Columbia against Mr. McKellop for assault and battery.

Defendant's Motion requests that discovery from his closed criminal case be provided to counsel in a pending civil matter. In support of his request defendant submits that the Protective Order in the criminal case "should be read as authorizing release and transfer to Mr. McKellop's current defense attorney." The government respectfully disagrees.

## DISCUSSION

As an initial matter, the Court does not have jurisdiction to order production of discovery in this closed case. *See United States v. Perryman*, Crim No. 18-0317, 2022 WL 11711298, at *1 (S.D. Ind. Oct. 20, 2022) ("Nothing in the case law, statutes, or rules allows Mr. Perryman to move to compel discovery in this closed criminal case. His motions to compel release of his former attorneys' case files . . . are therefore denied"). Rather, if defendant wishes to obtain from the government material necessary for litigating his civil suit, the proper avenue for such relief is through the *Touhy* process. *See*, 28 C.F.R. Part 16, Subpart B, which governs the disclosure of official information in federal and state proceedings. *See generally United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Indeed, defendant was advised of this process in the government's August 8, 2025 response to Counsel's discovery requests.[1] *See*, Exhibit A, attached.

Even if the Court were to find it has ancillary jurisdiction over Defendant's motion to the extent that it seeks clarification or guidance on the scope of the Court's previously issued Protective Order, *see United States v. Wilson*, 540 F.2d 1100, 1103 (D.C. Cir. 1976), his motion should fail. The Protective Order issued in the defendant's criminal case was clearly intended to

---

[1] The government acknowledges that its response to counsel's discovery request was sent after Counsel filed the instant motion and thus may moot out defendant's request at least as it relates to the government.

relate only to the criminal case, and other criminal matters arising from the events of January 6, 2021, and was not intended to extend to use in civil litigation. Notably, the Protective Order states that the material can be provided to the "defense team." It further provided the definitions that the legal defense team "includes defense counsel (defined as counsel of record in this case, including any *post-conviction or appellate counsel*) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with *this case*." ECF No. 27 at 2 (emphasis added). Contrary to the defendant's claim that "it is not a long reach to determine that the civil case is *connected to* this case" the government submits that the references to "this case," along with references to appellate and post-conviction counsel make clear that the order was relating specifically to the criminal matter before this Court and not to some future civil litigation in an entirely different court before a different judge.

Moreover, the Protective Order further states:

> **Limitations on Use**. Defendant and the legal defense team may use Sensitive and Highly Sensitive discovery materials solely in connection with the defense of this case and any other case connected to the events at the United States Capitol on January 6, 2021, *including any post- conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding*, without further order of this Court.

ECF No. 27 at 2 (emphasis added).

Again, the government submits that the inclusion of references to the appeal and post-conviction proceedings, and express exclusion of other proceedings make clear the Court and parties' intentions that the materials being provided were for exclusive use in connection with the criminal case before the Court. Accordingly, the government submits that the Court should decline defendant's request to expand the scope of the Protective Order in order to circumvent the civil discovery process.

## CONCLUSION

For the reasons set forth herein, and based on the entire record, the government submits that the Protective Order does not permit disclosure of criminal discovery to civil defense counsel and that the Court does not otherwise have jurisdiction to direct production of discovery in this now closed case. Therefore, the Court should summarily deny defendant's motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

_____/s/_____
KACIE M. WESTON
Assistant United States Attorney
Chief, Special Proceedings Division
MD Bar
601 D Street, N.W.
Washington, DC 20530
Phone: (202) 252-7509
Kacie.weston@usdoj.gov