UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY MCKELLOP,<br><br>    Defendant. | Case No. 21-CR-268 (CJN) |

### REPLY TO GOVERNMENT'S OPPOSITION AT ECF NO. 196 TO TRANSFER DISCOVERY MATERIALS AND INCORPORATED REQUEST TO ACCEPT THIS REPLY LATE DUE TO UNFORSEEN PACER ISSUE

Defendant JEFFREY MCKELLOP, by and through his undersigned attorney, respectfully submits this Reply to the government's opposition at ECF No. 196 and moves the Court the grant his Motion ("the Motion") at ECF No. 194 and issue the Proposed Order at ECF No. 194-1.

As an initial matter, PACER malfunctioned when the undersigned attempted to file prior to end of day on September 12, 2025. Up until midnight, the system kept malfunctioning. The Court may consider this good cause or excusable neglect given it was unforeseen that the system would malfunction every time the undersigned was partway through entry of this Reply.

### DISCUSSION

The Reply below follows the order of the Response's discussion:

The government misrepresented that the Motion at ECF No. 194 was to compel discovery and uses inapplicable caselaw. The discovery was previously produced and provided to Mr. McKellop's defense team in the above stylized criminal case. He was previously given his case discovery (except for anything highly sensitive). But for the jail personnel illegitimately seizing

his legal paperwork, Mr. McKellop would still have that material today. He requests no new production and has not submitted a motion to compel production. He requested an Order clarifying that the defense team may transfer document discovery previously produced to current defense counsel in a civil case connected with and related to his criminal case.

The government incorrectly wrote, "Indeed, defendant was advised of this process in the government's August 8, 2025, response to Counsel's discovery requests.1 See, Exhibit A, attached." Response.  The Response's Exhibit A attachment is a Touhy request from the related civil case's opposing party counsel (from the case's plaintiff where Mr. McKellop is the Defendant). The undersigned was not party to anything in or related to the Response's Exhibit A. It would be correct however to assert that Touhy is the proper process since the civil case's plaintiff was not a member of the defense team in Mr. McKellop's criminal case and could never fall under the Protective Order at ECF No. 27 that is at issue here.

It is worth noting that the government does not portray good faith in demanding that instead of allowing former defense counsel to transfer existing discovery materials (that we limited to documents without video) to Mr. McKellop that he was previously entitled to possess, it argues that the undersigned should use Touhy. Under Touhy, a delay would ensure and the government would be required to duplicate work previously done or find a reason to delay and not timely deliver the material if it were to deliver anything at all.

This Court has not lost "jurisdiction." (Response at 2 and discussion of ancillary jurisdiction). For example, if the FBI refused to return Mr. McKellop's property that was seized for this criminal case, the Court still has jurisdiction. If Mr. McKellop were eligible and submitted a coram nobis motion (given a hypothetical where he was eligible and assuming no pardon had ever issued and both his direct appeal and Section 2255 timeline had closed), the

2

Court would not have lost jurisdiction as the government suggests. Ancillary jurisdiction however is not at issue. The words and authority of the Protective Order at ECF No. 27 combined with an ongoing civil case that 100% arises out of the "same transaction" (events at the U.S. Capitol on January 6, 2021, and an alleged assault by Mr. McKellop) are at issue. The government is claiming that this Court has no authority to rule on the Protective Order that it issued.

The government uses the *Perryman* case but presented it out of context. There, the defendant prisoner was contemplating filing a habeas but had not done so. He was asking for his former attorney's case file, including notes, the indictment and docket material. There was no request involving materials previously provided to him under a protective order. <u>The court did not rule that it could not provide material because the case was closed</u>. The court actually wrote:

> [T]his criminal case is closed and Mr. Perryman 'is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate.' *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (citing cases). '[A] § 2255 motion is a civil action separate and apart from a prisoner's criminal case, so a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation" posture.' *Id*.

*United States v. Perryman* 2022 U.S. Dist. LEXIS 191433, No. 1:18-cr-00317-JPH-MJD, 2022 U.S. Dist. LEXIS 191433, at *1-2 (S.D. Ind. Oct. 20, 2022).

The above case is inapposite given the Motion and circumstances at issue in this case. In *Perryman*, after discussing Fed. R. Crim P. 6, and discovery requirements under that Rule, combined with the context of the above quote (that more than implies discovery is authorized in a civil case related to the criminal case), the court then said Perryman was not authorized discovery. Specifically, the court held that under § 2255 Rule 6 requires "good cause," which could not be determined until a § 2255 motion has been filed. *Perryman* at *2. The court did not find that it could not provide discovery because the criminal case was closed.

3

Here, Mr. McKellop has an ongoing civil case (D.C. Superior Court 2022 CA 000035 B) and is asking that under the Protective Order issued by this Court that his former attorney be allowed to transfer discovery material already provided that was stolen from Mr. McKellop by his jailors. In direct contradiction of the words used in the Protective Order (ECF No. 27) the government wrote: "The Protective Order issued in the defendant's criminal case was clearly intended to relate only to the criminal case, and other criminal matters arising from the events of January 6, 2021, and was not intended to extend to use in civil litigation." Here it is important to state that words matter. The Protective Order uses no words to remotely infer that it is only intended for this criminal case. As conveyed in the Motion at ECF No. 194, the Protective Order's words are:

> 4. Rules for the Handling of Sensitive and Highly Sensitive Materials.
> a. Limitations on Use. **Defendant** and the legal defense team may use Sensitive and Highly Sensitive discovery materials solely in connection with the defense of this case and **any other case connected to the events at the United States Capitol on January 6, 2021**, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

ECF No. 27 at 2. (Emphasis added).

The operative words above are "the defendant" and "any other case connected to the events at the United States Capitol on January 6, 2021." Mr. McKellop as "the Defendant" is authorized to receive the material. He unquestionably has a civil case under "any other case" connected to the events at the Capitol on January 6, 2021. Nowhere does the Protective Order even imply as the government asserts that the material only applies to this criminal case. Mr. McKellop's former attorney requested a Court order because she was unsure about the text above and does not seek to be sanctioned by a DOJ that could submit a bar complaint, which appears prudent since the government has now unfortunately shown that it misinterprets the words as

4

written in plain English in the Protective Order.

For example, while completely overlooking that Mr. McKellop as the Defendant is entitled to the material as written in the Order, the government only refers to the definition of the "defense team." The government then only cited the defense team as "defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case." ECF No. 27 at 2. Full context shows the government is cherry-picking words and ignoring that Mr. McKellop as the Defendant may use the materials for any case connected to the events at the Capitol on January 6, 2021. The undersigned may receive those materials on his behalf and provide him anything that is not "highly sensitive."

The government further ignores the actual words in the Order by stating that the material is *only for this case or an appeal*. The government bifurcates the uses authorized below by stating the "including" caveat restricts use solely to this criminal case, despite the Order's words:

> solely in connection with the defense of this case and **any other case connected to the events at the United States Capitol on January 6, 2021**, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding, without further order of this Court. that because a civil case . . .

*Id*. (Emphasis added).

Specifically, the government takes the words completely out of the entire context and creates its own limiting, restrictive definition of "includes" and argued that, "the inclusion of references to the appeal and post-conviction proceedings, and express exclusion of other proceedings make clear the Court and parties' intentions that the materials being provided were for exclusive use in connection with the criminal case before the Court" Response at 3. As this

5

Court knows, the use of the word "includes" is not meant to prohibit any other uses. "Includes" is generally used in statutes and legal writings to expand what may be included by providing a few concrete examples. If the Protective Order was meant "only" "post-conviction" or "Appellate" litigation, then it would have used the word "only" instead of the word "including." The government's assertion that the Order provides "express exclusion of other proceedings" (Response at 3) is false.

The government did not argue that "connected to" has any different meaning than the plain English definition as it ignored any argument where the Protective Order allows transfer of the discovery materials for "any other case connected to the events at the United States Capitol on January 6, 2021." But because it said the Order precludes any other proceeding (when it did not) the definition of "connected to" is relevant in Reply. The U.S. Supreme Court, as have many other courts, appears to make "connected to," "connected with," "related to," and even "during" be synonymous depending on the context. For example, "See Black's Law Dictionary 1158 (5th ed. 1979) ("Relate. To stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with"). See also *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 695 (1933)." *Shaw v. Delta Air Lines*, 463 U.S. 85, 97 n.16 (1983). See *also Flynn v. Omni Hotels Mgmt. Corp*. 2020 U.S. Dist. LEXIS 58155, Civil Action No. 1:19-cv-01239 (CJN), 2020 U.S. Dist. LEXIS 58155, at *19 n.6 (D.D.C. Apr. 2, 2020).

Mr. Mckellop's civil case inarguably meets the requirements of being "connected to" this very case where he should be provided discovery as requested in the Motion because of the assault charge where even the same alleged victim (Captain Augustine) from the indictment is the plaintiff in the civil case.

6

## CONCLUSION

Because the government has not concurred and instead misapplied and misinterpreted the words of the Protective Order, this Court should order that prior defense counsel may provide discovery to the undersigned and Mr. McKellop as requested in the Motion. Because the government provides no argument why it cannot access files or provide the discovery documents as previously for Mr. McKellop the Court should Order upload to USAfx as requested.

WHEREFORE, for good cause shown and for any reason the Court sees fit, it should grant the Motion and issue the Proposed Order at ECF No. 194-1.

September 12, 2025                                         Respectfully submitted,

/s/ Carolyn A. Stewart
Carolyn Stewart, Esq. DC Bar# FL 0098
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
813-659-5178
Carolstewart_esq@protonmail.com
Counsel for the Defendant

Note: Upload attempted on September 12, 2025 and PACER system issues caused delay until after midnight on September 13, 2025.

**CERTIFICATE OF SERVICE**

I hereby certify on the 13th day of SEPTEMBER 2025, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart
Carolyn Stewart, Defense Attorney
